C. Todd Norris, SBN 181337
Arlena V. Carrozzi, SBN 250116
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiff Jason Everett Thompson

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

In re:

ASIMOS, DEAN GREGORY,

         Debtor.

JASON EVERETT THOMPSON,

         Plaintiff,
v.

DEAN GREGORY ASIMOS,

         Defendant.

Case No.: 11-13214-AJ

Chapter 7

Adv. Case No. _____

**ADVERSARY COMPLAINT OF EVERETT THOMPSON; DEMAND FOR JURY TRIAL**

**[11 U.S.C. Sec. 727(a)(4)(A) and Sec. 523(a)(6)]**

Date:
Time:
Ctrm.:
      [To be set by the Court]

Jason Everett Thompson ("Thompson"), plaintiff, and creditor of the above-named debtor, Dean Gregory ("Asimos") in a sum in excess of $600,000 alleges:

## INTRODUCTION

1.    Debtor Asimos has engaged in a pattern of fraud and deceit that mandates dismissal of his bankruptcy petition without discharge, or, alternatively, that his debt to plaintiff be deemed nondischargeable. First, he has lied to this Court, the trustee and his creditors when he filed his initial Chapter 13 petition. In his Statement of Financial Affairs

Page 1–

Case: 14-01018   Doc# 1   Filed: 01/22/14   Entered: 01/22/14 16:01:09   Page 1 of 9

(Docket No. 1, p. 27), he made material misrepresentations by understating his income. He also intentionally failed to disclose to this Court, the trustee and his creditors over $100,000 held in trust by his former counsel, to which Asimos at all relevant times has claimed an interest as well as other receivables Debtor claimed an interest in.

2. Second, Asimos repeatedly, willfully and maliciously caused Thompson to incur legal fees in pursuit of disbursement of Thompson's own interest in the more than $100,000 held in trust for years now by the parties' former counsel. Asimos has never disputed that at least eighty-five percent of the funds held in trust belonged to Thompson, and yet, Asimos willfully and maliciously refused to instruct the parties' former counsel to release even the undisputed amount of those funds, which to this day have not been released as a result of Asimos' willful misconduct.

3. Third, Asimos willfully and maliciously mediated the claims between the parties in bad faith with no intention of resolving the parties' dispute prior to trial, all for the purpose of causing plaintiff to incur unnecessary legal fees.

4. Fourth, Asimos willfully and maliciously concealed his bankruptcy from Thompson and from the San Francisco Superior Court, knowing that if Thompson were to prevail at trial, Asimos would amend his bankruptcy schedules for purposes of having the judgment discharged in bankruptcy, all the while intentionally concealing from Thompson the fact that he had already filed for bankruptcy. Thus, Asimos made false misrepresentations to Thompson for the sole purpose of maliciously and intentionally causing Thompson to incur the time and expense of pursuing a judgment that Asimos intended to have discharged by this Court.

5. The aforementioned actions render Asimos ineligible for discharge pursuant to 11 U.S.C. §§ 523(a)(6) and 727(a)(4)(A).

**JURISDICTION**

6. This is an adversary proceeding in the debtor's Case No. 11-13214-AJ under

Chapter 7 of Title 11 of the United States Bankruptcy Code, now pending in this Court. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. §§ 727 and 523. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J).

7. Defendant Asimos is not eligible for discharge as a debtor in his bankruptcy action pursuant to 11 U.S.C. §§ 727(a)(4)(A). Asimos is also indebted to plaintiff creditor as fully detailed below, and the debt is not dischargeable in bankruptcy by virtue of the provisions of 11 U.S.C. §§

## PARTIES

8. Plaintiff Jason Everett Thompson is a resident of the State of California.

9. Defendant Dean Gregory Asimos is a resident of the State of California.

10. The parties are collectively referred to herein as "the Parties."

## GENERAL AVERMENTS

11. Prior to filing the action Thompson v. Asimos (San Francisco Superior Court Action No. CGC-11-514980)(hereinafter "the San Francisco Action"), the Parties were plaintiffs in the action Dean Asimos dba Wired Real Estate Group v. Astound Broadband, LLC, et al., filed on October 23, 2009 in Contra Costa County Superior Court as Case No. C09-02957 (hereinafter, "the Contra Costa County Action"). The Parties settled the Contra Costa County action and the case was dismissed on June 6, 2011. Very soon thereafter, the settlement funds, net of litigation costs and contingency fees release, totaling in excess of $100,000 were deposited into the Trust Account of Carr, McClellan, Ingersoll, Thompson & Horn Professional Law Corporation, the attorneys for the Parties ("Trust Account").

12. Debtor Dean Gregory Asimos subsequently filed a voluntary petition for Chapter 13 Bankruptcy in this Court on or about August 29, 2011, the Amended Chapter 13 Plan for which was confirmed by this court on March 2, 2012. Despite being asked specifically about all assets, contingent claims and receivables belonging to him, Debtor failed to notify this Court that he had in fact entered into a Settlement Agreement on May 25,

2011 in yet another lawsuit ("the Contra Costa Action") for an amount in excess of $100,000 to which Debtor claimed entitlement. Debtor failed to disclose to this Court that the settlement funds from the Contra Costa Action were already sitting in a trust account for the Parties and that Debtor claimed entitlement to those funds. The settlement funds from the Contra Costa Action (in excess of $100,000) are presently still being held in trust by the former counsel for the Parties.

13. Debtor also filed counterclaims against non-party Jason Everett Thompson in the San Francisco Action. At trial of the San Francisco Action, Debtor's counsel argued that Debtor was entitled to recover $100,000 against Mr. Thompson. Separate and apart from the proceeds in the Contra Costa Action, Debtor failed to disclose his alleged claims against Thompson in the San Francisco Action, claims that debtor contended would amount to over $100,000.

14. On August 29, 2011, in his Statement of Financial Affairs for his petition, Debtor represented that his gross income was $55,125 for 2011; $72,495 for 2010; and $51,153 for 2009 (Docket No. 1, p. 27). Yet, Debtor admitted at trial of the San Francisco Action that his gross income was in fact $135,000 for 2010 and $125,000 for 2011. Thus, Debtor's verified petition was false when made on August 29, 2011.

15. Thus, Debtor's verified petition filed in this Court was false when made on at least three of the aforementioned counts.

16. On October 11, 2011, Thompson filed the San Francisco Action against Asimos, entitled Thompson v. Asimos, San Francisco Superior Court Case No. CGC-11-514980. On February 15, 2012, in anticipation of the First Case Management Conference in that action, Asimos was required to fill out a case management conference form and, in response to question numbers 12 and 13, to list any related cases or bankruptcy proceedings. Asimos failed to disclose on the form that he had filed for bankruptcy, thereby leading Thompson to believe that he had not filed for bankruptcy. Thompson relied on this material

Page 4–

misrepresentation to his detriment in proceeding against Asimos.

17. Subsequently, during discovery, Thompson requested the production of certain bankruptcy related documents (Request For Production Nos. 48 and 49). Asimos responded without objection that any such responsive documents would be produced. When Asimos made production of the requested documents, they contained no bankruptcy related documents at all, thereby again, leading Thompson to believe that Asimos had not yet filed for bankruptcy.

18. Asimos had an affirmative obligation to notify both Thompson and the Superior Court of his already pending bankruptcy, but instead, he filed false and misleading case management statements and discovery responses. For nearly a full year in the San Francisco Action, in reliance on Debtor's failure to disclose any bankruptcy proceedings, Thompson proceeded to litigate the San Francisco Action, until the eve of trial and the close of discovery, when finally under oath at his deposition (less than 30 days before trial), Debtor admitted to Thompson's attorney that he had filed for Bankruptcy.

19. It was not until Asimos was deposed nearly a year later and just before trial of the San Francisco Action that Asimos disclosed that he had in fact already filed for bankruptcy before the San Francisco Action had even been filed.

20. Upon learning of the bankruptcy, Thompson immediately notified the Trustee and this Court of the pending litigation between the parties and the more than $100,000 in funds held in trust for the Parties. Per a stipulation filed with this Court and subsequent order, the Parties were granted leave from the Bankruptcy Code's automatic stay and the San Francisco Action proceeded to trial in October 2012.

21. A judgment in the San Francisco Action was entered in favor of Thompson and against Debtor on August 23, 2013, following a court trial of the matter. Thompson was awarded money damages (including interest) in the amount of $450,038 plus attorneys fees in the amount of $181,250. A true and correct copy of the Judgment is attached hereto as

Page 5–

1  Exhibit A and the Order awarding Attorneys Fees, attached as Exhibit B.

2  22. As detailed above, Debtor actively concealed assets and other receivables to which he claimed entitlement for purposes of understating to this Court his true net worth and to deprive the trustee, this court and creditors of the opportunity to consider fully all of his claimed assets and receivables. Consequently, Debtor is not eligible for discharge under the bankruptcy code and his petition should be dismissed.

23. In addition, Debtor willfully and maliciously concealed his pending bankruptcy from Thompson for purposes of causing damage to Thompson by causing Thompson to incur legal fees in pursuit of claims against Debtor that Debtor knew he would ultimately have discharged in his already pending bankruptcy if Thompson were to succeed at trial. Direct evidence of the malicious nature of Debtors' conduct exists in the email correspondence between the parties as well as Debtor's refusal to permit even the undisputed amounts, to which Debtor admitted he had no right, from being disbursed to Thompson. In addition, the fact that Debtor acted willfully and maliciously is further evidence by the fact that Debtor mediated the parties' dispute in bad faith and without any intention of resolving the Parties' disputes as the evidence will show.

24. As a result of Debtor's willful and malicious misconduct, Thompson incurred in excess of $200,000 in legal fees. Because Debtor willfully and maliciously caused Thompson to incur these fees when Debtor was obligated instead to (a) release the undisputed funds to Thompson from the Contra Costa Action and (b) disclose his pending bankruptcy (a material and intentional misrepresentation), the attorneys fees incurred by Thompson and awarded against Debtor in the San Francisco Action are not dischargeable.

## FIRST CLAIM FOR RELIEF

(For a Determination That Asimos' Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(4)(A))

25. Plaintiff incorporates by reference each of the allegations contained in the

Case: 14-01018   Doc# 1   Filed: 01/22/14   Entered: 01/22/14 16:01:09   Page 6 of 9

above paragraphs as though set forth fully herein.

26. On August 29, 2011, Asimos filed a Voluntary Petition for Bankruptcy with this court. He swore under oath and under penalty of perjury that the information which he provided in the Petition was true and correct. In his petition, Asimos intentionally understated his income and also failed to disclose the more than $100,000 in settlement money being held in trust for the Parties by their former counsel, making is statement under oath false. Asimos also intentionally failed to disclose receivables he maintained he was owed by Thompson, which he argued amounted to over $100,000 in the San Francisco Action, further resulting in a false statement made by Debtor under oath. Debtor knew the aforementioned statements were false when he made them. Debtor made the false statements with intent to defraud the bankruptcy court, the trustee and creditors such as Plaintiff. The statement related materially to Debtor's bankruptcy petition and case.

27. Debtor's intentional understating of his income, his failure to include his alleged interest in the more than $100,000 of settlement funds and his failure to disclose receivables he claimed he was owed were deliberate omissions of a material matters constituting a false oath or account in connection with the case. Asimos failed to disclose these assets with the intent to mislead creditors and the trustee as to the debtor's true financial condition, or with reckless disregard for the truth with regard to matters material to the case.

## SECOND CLAIM FOR RELIEF

(For a Determination That Asimos' Debt To Thompson Is Not Dischargeable Pursuant to 11 U.S.C. §523(a)(6))

28. Plaintiff incorporates by reference the allegations contained in the above paragraphs as though set forth fully herein.

29. Asimos willfully, intentionally and maliciously concealed his bankruptcy from Thompson for purposes of causing Thompson to incur attorneys fees in pursuit of a liability Asimos intended to have discharged in his already pending bankruptcy that he had

Page 7–

Case: 14-01018    Doc# 1    Filed: 01/22/14    Entered: 01/22/14 16:01:09    Page 7 of 9

concealed. Asimos willfully, intentionally and maliciously mediated the Parties' disputes in the San Francisco Action with no intention of resolving the disputes in order to further cause Thompson to incur unnecessary mediation fees. Asimos willfully, intentionally and maliciously refused to authorize the release of the undisputed amount of the settlement funds from the Contra Costa County Action for purposes of forcing Thompson to incur significant attorneys fees in an effort to secure release of the undisputed 85% of those funds, to which Asimos admitted Thompson was entitled, but which Asimos maliciously held hostage for purposes of causing economic harm to Thompson.

30. Asimos' actions were and continue to be both deliberate and malicious.

## DEMAND FOR JURY TRIAL

31. Plaintiff hereby demands a jury trial on all issues triable by jury.

WHEREFORE, plaintiff prays for the entry of judgment against defendant as follows:

1. That the Court determine that the debts of defendant be ruled nondischargeable as a result of defendant's knowingly and fraudulently making a false oath in connection with a bankruptcy case by virtue of the provisions of 11 U.S.C. § 727(a)(4)(A); and

2. That the Court determine that certain debts owed to plaintiff by defendant as a result of defendant's false pretenses and/or false representations and willful omissions of material facts, upon which plaintiff relied to its detriment, and as a result of defendant's willful and malicious injury to plaintiff, are nondischargeable by virtue of the provisions of 11 U.S.C. §§ 523(a)(6);

3. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

///

///

///

Page 8–

4. For costs of suit herein incurred; and

5. For such other and further relief as this Court deems just and proper.

DATED: January 21, 2014

                        BULLIVANT HOUSER BAILEY PC

                        By *[signature]*
                            C. Todd Norris
                            Arlena V. Carrozzi

                        Attorneys for Plaintiff Jason Everett Thompson

14466541.1