Joe Angelo (Bar # 268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorney for Defendant
Dean Asimos

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| In Re: <br><br>**DEAN GREGORY ASIMOS** <br><br>Debtor <br><hr> Jason Everett Thompson <br><br>Plaintiff <br><br>v. <br><br>Dean Gregory Asimos <br><br>Defendant. | Case No.: 11-13214 <br><br> A.P. Case No.: 14-01018-CN <br><br> Chapter 7 <br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** <br><br> Date:    August 5, 2020 <br> Time:    11:00 am <br> Location: 99 South E Street <br>              Santa Rosa, California <br><br> Judge:   Hon. Charles Novack |

Debtor and Defendant Dean Asimos (hereinafter "Defendant" or "Asimos"), by and through his attorney Joe Angelo of Gale, Angelo, Johnson, & Pruett, P.C., hereby files this memorandum of points and authorities in support of his motion for summary judgment. Defendant.

//

//

1

## I. INTRODUCTION

Plaintiff Jason Everett Thompson (hereinafter "Plaintiff") filed an adversary proceeding against Asimos on January 22, 2014, originally seeking to deny Asimos' discharge pursuant to 11 U.S.C. §§ 727(c), (d), and (e), and to exclude from discharge a judgment entered in August of 2013 for approximately $631,000 pursuant to 11 U.S.C. § 523(a)(6). On July 23, 2014 the Court entered an Order previously vacating in part the dismissal of the instant matter and allowing Plaintiff to proceed with the 523(a)(6) claim. Plaintiff's 727 claims were dismissed. Asimos seeks an order from this Court finding that the Plaintiff is to take nothing from Asimos and that any and all amounts allegedly owed are discharged. Asimos also seeks to recover his fees and costs incurred in defending this action as the underlying dispute arose from a breach of contact claim, which allowed the parties to the contract to recover attorney's fees and costs. While the relationship between the parties has been contentious during the underlying state court litigation, the issue for this Court to resolve are relatively straightforward with respect to the matters contained within Plaintiff's operative adversary proceeding complaint and award that is sought.

Various status conferences have been held in this matter and the Court has continued the trial that was previously scheduled on February 18, 2015 several times at the request of the Parties. A trial is currently scheduled to take place on September 16, 2020 at 1:00pm in Santa Rosa, California.

## II. STATEMENT OF FACTS

Asimos initially filed for chapter 13 bankruptcy protection on August 29, 2011 (Docket Entry Number 1). Asimos sought bankruptcy protection primarily to assist with reorganization of his substantial Internal Revenue Service debt that was outstanding at the time of his filing. (Declaration of Joe Angelo; **Exhibit A:** Asimos Transcript Pg. 99). Asimos' chapter 13 plan was confirmed shortly after filing. Several years into his chapter 13 Asimos became unable to continue with his chapter 13 payments and subsequently converted his chapter 13 case to one under chapter 7 on October 10, 2013. (Docket Entry Number 71). The Court entered Asimos'

discharge on May 19, 2014 and subsequently closed the main case on June 11, 2014. Asimos' chapter 7 proceeding was determined to be a "no-asset" bankruptcy.

On October 11, 2011 Plaintiff filed a complaint against Asimos in the San Francisco Superior Court alleging various causes of action as a result of a business relationship between Plaintiff and Asimos that ultimately did not work out. A bench trial was held over the course of several days in October of 2012. A judgment was ultimately entered against Asimos on August 23, 2013 in the amount of $450,038 plus additional attorney's fees and costs in the amount of $181,250.

Plaintiff's 523(a)(6) claim, as alleged in his complaint, seeks to exclude the $631,288 award from discharge on the grounds that Asimos willfully, intentionally, and maliciously concealed his bankruptcy filing from Plaintiff, thereby causing Plaintiff economic harm. (Plaintiff's Complaint, Docket Entry Number 1; Pgs. 7 – 8).

Plaintiff filed a complaint in the San Francisco Superior Court on October 11, 2011 (See Declaration of Joe Angelo, **Exhibit B**). Asimos filed an answer and cross complaint on December 30, 2011 (See Declaration of Joe Angelo, **Exhibit C**). After Plaintiff filed the state court action against Asimos, Asimos engaged the services of Jessica Barsotti to represent him in that matter. (Declaration of Joe Angelo, **Exhibit D:** Asimos Transcript Pg. 50). Asimos informed Jessica Barsotti that he was involved in a bankruptcy proceeding (Declaration of Joe Angelo, **Exhibit E:** Asimos Transcript Pg. 50 – 51). Asimos was unaware that documents filed on his behalf by Jessica Barsotti did not indicate the existence of a pending bankruptcy. (Declaration of Joe Angelo, **Exhibit F:** Asimos Transcript Pg. 122). During a deposition of Asimos that was being taken in connection with Plaintiff's state court complaint, Asimos responded that he was in a bankruptcy proceeding. (Declaration of Dean Asimos, ¶¶ 10 - 12). The question regarding the status of Asimos' bankruptcy filing was the first time he learned that Plaintiff asked about any pending bankruptcy proceedings. (Declaration of Dean Asimos, ¶¶ 10 – 12).

//

//

3

## III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, applicable here by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." At the summary judgment stage, the court's function is not to weigh evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Fed. R. Bankr. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litigation, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "In evaluating the evidence to determine whether there is a genuine issue of fact, [the court draws] all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F. 3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to establish facts from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). "A property-supported summary judgment motion cannot be defeated by the mere existence of some alleged factual dispute." Roussos v. Michaelides (In re Roussos), 251 B.R. 86, 91 (9th Cir. BAP 200).

**Section 523(a)(6)**

Section 523(a)(6) prevents discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court in Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57 (1998), made clear that for section 523(a)(6) to apply, the actor must intend the consequences of the act, not simply the act itself. Id., at 60. Both willfulness and maliciousness must be proven to deny discharge under 523(a)(6). In re Ormsby, 591 F. 3d 1199, 1206 (9th Cir. 2010). "Negligent or reckless acts which inflict consequential injury do not fall within the ambit of § 523(a)(6). Geiger, 523 U.S. at 64.

//

**Willful Injury**

In the Ninth Circuit, the courts have determined that section "523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002). The Su court "established that the malicious injury requirement of § 523(a)(6) must be determined separately from the willful injury requirement." In re Barboza, 545 F.3d 702, 711 (9th Cir. 2008 (quoting In re Su, 290 F. 3d at 1146-47).

Here, Plaintiff cannot establish that Asimos ever possessed the subjective motive to injure Plaintiff. Asimos explained during his December 3, 2019 deposition that he was unaware that his state court attorney, Ms. Barsotti, did not inform Plaintiff of the pending bankruptcy proceeding. Declaration of Joe Angelo; **Exhibit G:** Asimos Transcript Pg. 50-51, 122). When specifically asked about the existence of any bankruptcy proceeding during a deposition that was being taken in connection with the state court proceeding, Asimos indicated that there was a pending proceeding and readily disclosed that information to Plaintiff and his attorney (Declaration of Dean Asimos, ¶14). Had there been any intent to injure Plaintiff, as Plaintiff alleges, Asimos would not have disclosed the existence of his bankruptcy proceeding to Plaintiff and his counsel. When asked directly, and not relying on Ms. Barsotti, Asimos disclosed the filing and provided the necessary information to Plaintiff and his counsel.

Further, even if there was some hypothetical intent for Asimos to withhold the existence of his bankruptcy filing, Asimos could not have ever known that Plaintiff would be injured from that omission. Asimos was unaware of the fee agreement that existed between Plaintiff and his counsel (Declaration of Joe Angelo, **Exhibit H:** Asimos Transcript Pg. 64). Asimos' own fee agreement was a contingency agreement and he understood that to mean that no money was owed and his counsel would recover fees only if he prevailed on his action. (Declaration of Joe Angelo, **Exhibit I:** Asimos Transcript Pg. 54). Earlier legal arrangements between Asimos and Plaintiff also were subject to a contingency agreement (Declaration of Joe Angelo, **Exhibit J:**

Asimos Transcript Pg. 86). There was nothing that would have alerted Asimos that Plaintiff was actively paying his counsel for his representation through at least September of 2012.

Plaintiff cannot show that Asimos intended any type of injury to flow from the alleged concealment of his bankruptcy filing. And when asked in his deposition regarding the existence of a bankruptcy, Asimos readily disclosed that he was involved in a bankruptcy proceeding. The failure of Asimos' state court attorney to disclose the existence of a bankruptcy was unknown to Asimos and, if anything, supports the fact that Asimos had no intent to conceal the existence of his bankruptcy filing. At best, Plaintiff may be able to show that Asimos was negligent in when the bankruptcy was disclosed, however, the Supreme Court in Geiger made clear that negligent or reckless acts are outside the scope of 11 U.S.C. § 523(a)(6)'s inquiry. And even if the court were to be inclined to find that Asimos did intend to hide the existence of his bankruptcy filing, the facts do not support the conclusion that Asimos intended the injury (attorney's fees) as a result, as Asimos was not even aware of the arrangement between Plaintiff and his counsel.

**Malicious Injury**

"A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). Malice may be inferred based on the nature of the wrongful act. Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 554 (9th Cir. 1991). To infer malice, however, it must first be established that the conversion was willful." Thiara v. Spycher Bros. (In re Thiara), 285 B.R. 420, 432 (9th Cir. BAP 2002).

The "act" complained of in Plaintiff's complaint is that Asimos' failure to disclose his bankruptcy filing led to Plaintiff incurring unnecessary attorney's fees for prosecution of an action that would have otherwise not been maintained. Assuming that Plaintiff can establish that an omission is a "wrongful act" Plaintiff cannot establish that Asimos did that act intentionally, that the act caused injury, and that the act was done without just cause or excuse.

The facts support the contention that Asimos did not intentionally fail to disclose the existence of his bankruptcy filing. Plaintiff cannot prove otherwise. Asimos explained during

his December 3, 2019 deposition that his state court attorney filled out the case management form and neglected to check the bankruptcy box. (Declaration of Joe Angelo, **Exhibit K:** Asimos Deposition Pg. 122, Exhibit 19). When Asimos was asked about any bankruptcy filings during a deposition in connection with Plaintiff's state court action, Asimos disclosed the existence of the filing. Even Plaintiff concedes this in his adversary complaint (See Paragraph 19 of the Adversary Complaint; Docket Entry 1).

Similarly, Plaintiff cannot establish that any injury was incurred, or that Asimos was aware that any injury could have been caused to Plaintiff. Asimos testified during his December 3, 2019 deposition that he was unaware of the fee arrangement between Plaintiff and his counsel. Asimos himself explained that his own fee agreement with Ms. Barsotti was a contingency agreement and that he was not paying for her representation. Asimos also alluded to a prior fee agreement between Plaintiff and himself that was on a contingency basis.

Lastly, Plaintiff cannot prove that the "act" was done without just cause or excuse. There is no dispute that Asimos disclosed the existence of his bankruptcy when he was directly asked by Plaintiff's counsel during a deposition that was taken in the course of the state court litigation. Asimos was unaware of any action that was taken by his counsel, Ms. Barsotti, and did not direct her to file forms that failed to disclose the existence of his bankruptcy proceeding. When Asimos was specifically asked by Plaintiff's counsel about the existence of a bankruptcy proceeding, Asimos disclosed the existence of his filing. (Declaration of Dean Asimos, ¶¶ 10-12). Asimos was unaware prior to his state court deposition that Plaintiff had requested information regarding the existence of a pending bankruptcy. Had Plaintiff sought such information directly from Asimos, Asimos would have provided that information immediately. (Declaration of Dean Asimos, ¶ 15).

When looking at the facts as a whole it establishes that Asimos did not willfully and maliciously harm Plaintiff by failing to disclose the existence of his bankruptcy filing. As such, it is appropriate for the Court to find in favor of Asimos. There is no question of fact regarding Asimos' intent and this matter can be resolved at this juncture without the need for a further presentation of evidence.

## IV. CONCLUSION

Asimos respectfully requests that this Court grant his motion for summary judgment and find that Plaintiff cannot prove the elements of an 11 U.S.C. § 523(a)(6) claim. The facts and supporting exhibits show that Asimos disclosed his bankruptcy filing when directly asked by Plaintiff. The facts also show that Asimos could not have intended to harm or injure Plaintiff as Asimos was unaware of the nature of the fee agreement between Plaintiff and his counsel. To the extent that a disclosure of Asimos' bankruptcy filing was possible, the lack of any disclosure was due to missteps by Asimos' counsel and not as a result of any action or direction from Asimos. Therefore, Asimos requests the Court grant his motion, find that the Plaintiff is to take nothing from Asimos, and award Asimos his fees and costs incurred in defending this action.

Dated: June 24, 2020　　　　　　　　　　　Gale, Angelo, Johnson, & Pruett, P.C.

　　　　　　　　　　　　　　　　　　　　By: */s/ Joe Angelo*
　　　　　　　　　　　　　　　　　　　　Joe Angelo
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant Dean Asimos