1  STEPHAN E. KYLE (SBN 158075)
   KYLE LAW CORPORATION
2  465 California Street, 5th Floor
   San Francisco, CA 94104
3  Telephone:   (415) 839-8100
   Facsimile:   (415) 839-8189
4
   Attorneys for Plaintiff
5  JASON EVERETT THOMPSON

6

7

8              IN THE UNITED STATES BANKRUPTCY COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                     SANTA ROSA DIVISION

11 In re:                              Case No.: 11-13214-AJ

12 DEAN GREGORY ASIMOS,                Chapter 7

13           Debtor.                   Adv. Case No. 14-01018 CN

14                                     **MEMORANDUM OF POINTS AND**
                                       **AUTHORITIES IN SUPPORT OF**
15                                     **MOTION FOR SUMMARY**
                                       **JUDGMENT OF JASON EVERETT**
16                                     **THOMPSON**

17 ─────────────────────────────────
   JASON EVERETT THOMPSON,
18                                     Date:      November 4, 2010
            Plaintiff,                 Time:      11:00 a.m.
19                                     Location:  99 South E Street
        v.                                        Santa Rosa, California
20 DEAN GREGORY ASIMOS,
                                       Judge:     Hon. Charles Novak
21           Defendant.

22

23         Jason Everett Thompson ("Plaintiff" or "Thompson"), plaintiff, and creditor of the

24 above-named debtor, Dean Gregory Asimos ("Debtor, "Defendant" or "Defendant Asimos")

25 hereby submits the following memorandum in support of his motion for summary judgment (the

26 "Motion"), for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Fed.

27 R. Civ. P."), as incorporated herein pursuant to Rule 7056 of the Federal Rules of Bankruptcy

28

Kyle
Law
Corporation

Case: 14-01018   Doc# 73-1   Filed: 09/30/20   Entered: 09/30/20 11:49:51   Page 1 of
21

1 Procedure (the "Bankruptcy Rules"), granting summary judgment against the Defendant

2 Asimos and rendering a determination of nondischargeability or a declaration that certain debts,

3 as set forth herein, of Defendant Asimos that have arisen since the filing Chapter 13 Petition are

4 not subject to the discharge order.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kyle
Law
Corporation

-ii-
IN RE: DEAN GREGORY ASIMOS
ADV. CASE NO. 14-01018 CN

TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ...................................................................................... 1

II.   RELIEF REQUESTED ............................................................................................... 1

III.  STATEMENT OF UNDISPUTED FACTS AND PROCEDURAL
      HISTORY ............................................................................................................... 2

      A.    The Pre-Petition Events............................................................................ 2

            1.    The Parties Failed Business Relationship and the Contra Costa
                  Superior Court Action ................................................................... 2

            2.    Defendant Asimos Files the Chapter 13 Petition ........................... 3

      B.    Post-Petition Events ................................................................................ 4

            1.    The San Francisco Superior Court Action – Defendant Asimos
                  Pursues Damages and Attorneys' Fees Against Plaintiff............... 4

            2.    The Chapter 7 Conversion and Discharge ..................................... 5

      C.    The Post-Discharge Events – Defendant Asimos "Returns to the Fray" ............ 6

            1.    Defendant Asimos Files and Prosecutes an Appeal Rather
                  After The Discharge Is Entered ...................................................... 6

            2.    Defendant Asimos' Refusal to Comply with the Permanent
                  Injunction Leading to a Contempt Judgment Against Him ............... 7

            3.    Defendant Asimos Files A Second Appeal ..................................... 8

IV.   ARGUMENT ........................................................................................................... 9

      A.    Legal Standard ........................................................................................ 9

            1.    Summary Judgment ....................................................................... 9

      B.    Plaintiff Is Entitled to A Declaration of Rights (1) That His Claims
            Were Not Discharged In The Case And (2) Any Efforts To Collect On
            Those Claims Does Not Violate The Discharge Injunction of 11
            U.S.C. § 524. ........................................................................................... 9

            1.    Defendant Asimos Voluntarily Pursued Litigation Post-
                  Petition ......................................................................................... 9

            2.    Post-Petition Debts Are Not Discharged in Chapter 7 Cases ............. 10

            3.    Post-Discharge Debts Are Not Discharged in Chapter 7 Cases........... 12

      C.    Plaintiff Is Also Entitled To A Determination That Defendant
            Asimos' Debt to Plaintiff Is Not Dischargeable Pursuant to 11 U.S.C.
            §523(a)(6)) ............................................................................................. 14

Kyle
Law
Corporation

1.      Defendant Asimos' Violation of the Permanent Injunction was Willful and Malicious ........................................................... 14

2.      The Contempt Judgment and the Second Appeal Attorney Fee Award Are Not Dischargeable Under Section 523(a)(6)..................... 15

3.      Defendant Asimos Is Bound By the Actions Taken By His Counsel............................................................................................. 15

V.     CONCLUSION ........................................................................................ 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kyle
Law
Corporation

# TABLE OF AUTHORITIES

**Cases**

*Boeing North American, Inc. v. Ybarra (In re Ybarra)*, 424 F. 3d 1018 (9th Cir. 2005) ................................................................................................. 9, 10, 12

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) .................................................. 9

*In re Allison,* 176 B.R. 60, 64 (Bkrtcy. S.D. Fla. 1994) ........................................... 14

*In re Gillespie*, 516 B.R. 586, 592 (9th Cir. BAP 2014) .......................................... 10

*In re Oracle Corp. Sec. Litigation,* 627 F.3d 376, 387 (9th Cir. 2010) ..................... 9

*In re Suarez,* 400 B.R. 732, 740 (9th Cir. 2009) ...................................................... 15

*Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57 (1998) ....................................... 14

*Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) ................................................... 15

*Matsushita Elec. Indus Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) .......... 9

*McDowell v. Stein,* 415 B.R. 584, 600 (S.D. Fla. 2009) ...................................... 14, 15

*Richards v. Nielsen Freight Lines,* 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985) ..... 9

*Roussos v. Michaelides (In re Roussos),* 251 B.R. 86, 91 (9th Cir. BAP 2000) .......... 9

*Sherwood Park Business Center, LLC v. Taggart*, 267 Or.App. 217, 341 P. 3d 96 (Or.App. 2014) ...................................................................................................... 10

*Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 533- 34 (9th Cir. 1998) ....... 9, 12

**Statutes**

11 U.S.C. § 524 ......................................................................................................... 9

11 U.S.C. § 523(a)(6) ................................................................................................. 1

Fed. R. Bankr. P. 7056 .............................................................................................. 9

Fed. R. Civ. P. 56(c) .................................................................................................. 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Kyle Law Corporation**

Case: 14-01018    Doc# 73-1    Filed: 09/30/20    Entered: 09/30/20 11:49:51    Page 5 of 21

## I.    SUMMARY OF ARGUMENT

Plaintiff was forced to defend years of litigation and necessarily incurred hundreds of thousands of dollars in attorneys' fees and costs directly related to Defendant Asimos bad faith litigation tactics.  Plaintiff has already acknowledged by the filing of his First Amended Complaint that the underlying Business Damages Judgment arising out of the failed, pre-petition business relationship with Defendant Asimos constitutes a discharged debt under the Chapter 7 Discharge.  To be clear, Plaintiff's claims here are limited to the damages caused to him by Defendant Asimos' post-petition and, in many cases, post-Discharge litigation efforts against him wherein  Defendant Asimos (i) instituted new litigation against Plaintiff post-petition, (ii) subsequently "returned to the fray" post-Discharge by filing an appeal seeking affirmative relief, and (iii) violated valid orders of the Superior Court leading to a Judgment of Contempt and multiple attorneys' fees awards against him.

Plaintiff asserts that attorneys' fees and costs caused by Defendant Asimos' post-petition and post-Discharge litigation conduct are properly excluded from the scope of the Chapter 7 Discharge since the discharge shield may not be used as a sword that enables a debtor to undertake risk-free [post-petition] litigation at others' expense.

Plaintiff further asserts that Defendant Asimos acted willfully and maliciously toward Plaintiff and caused him significant damage (i) by concealing the Chapter 13 petition from Plaintiff and the San Francisco Superior Court, (ii) by refusing to comply with a valid court order issued against him in the form of a Permanent Injunction, (iii) by forcing Plaintiff to institute and prosecute Contempt proceedings against him, and (iv) by forcing Plaintiff to defend a second meritless appeal related to the Judgment of Contempt against him.  Plaintiff contends that such debts are nondischargeable by virtue of the provisions of 11 U.S.C. § 523(a)(6).

## II.    RELIEF REQUESTED

By way of this motion, and in light of the undisputed facts in this case, Plaintiff seeks the

-1-

Kyle
Law
Corporation

following:

(1) A declaration that Plaintiff's state court Judgment of Contempt, First Appeal Attorney Fee Award, Second Appeal Attorney Fee Award, Contract Attorney Fee Award and Court Cost Award (each as defined further below) each do not seek to impose liability on Defendant Asimos for any debt discharged in the Case;

(2) A declaration that further prosecution of the San Francisco Action against Defendant Asimos pursuant to the orders and remittitur issued by the California Court of Appeal in the First Appeal and Second Appeal, and the subsequent orders of the trial court in the San Francisco Action, including obtaining a final judgment therein and collecting on that judgment, does not violate the discharge injunction; and

(3) A determination that these debts are nondischargeable by virtue of the provisions of 11 U.S.C. § 523(a)(6) as a consequence of Defendant Asimos willful and malicious conduct.

III. **STATEMENT OF UNDISPUTED FACTS AND PROCEDURAL HISTORY**

The parties have submitted concurrently herewith a Joint Stipulation Of Facts In Support Of their Cross-Motions For Summary Judgment, which will be referenced as "JSF" herein.

A. **The Pre-Petition Events**

1. **The Parties Failed Business Relationship and the Contra Costa Superior Court Action**

Plaintiff and Defendant were parties to a business relationship from which they both stood to gain. The relationship would enable Plaintiff to benefit from Defendant Asimos' status as a licensed real estate broker by complementing his existing consulting business with commission-based transactions regulated by the Department of Real Estate. Defendant Asimos would benefit from Plaintiff's consulting business in the high-tech industry by exposure to an emerging field of high-tech commercial real estate through Plaintiff's pre-existing business contacts and experience. [JSF ¶ 1]. Such benefits were dependent, of course, on both parties fulfilling their contractual obligations.

During the course of the business relationship, one of Plaintiff's client's disputed

Kyle
Law
Corporation

payment of a large commission, resulting in Asimos becoming plaintiff in the action Dean Asimos dba Wired Real Estate Group v. Astound Broadband, LLC, et al., filed on October 23, 2009 in Contra Costa County Superior Court as Case No. C09-02957 (hereinafter, "the Contra Costa County Action"). [JSF ¶ 2].

Plaintiff contended that the client's refusal to pay the commission resulted because Defendant Asimos failed to register Plaintiff's business name, Wired Real Estate Group, as a dba with the Department of Real Estate, as Plaintiff contended he was statutorily required to do. [JSF ¶5, Exhibit 1 - Complaint at ¶ 44].

The Parties ultimately settled the Contra Costa County action and the case was dismissed on June 6, 2011.  Very soon thereafter, the settlement funds, net of litigation costs and contingency fees, totaling in excess of $100,000 were deposited into the Trust Account of Carr, McClellan, Ingersoll, Thompson & Horn Professional Law Corporation, the attorneys for the Parties ("Trust Account").  [JSF ¶ 3].

## 2.    Defendant Asimos Files the Chapter 13 Petition

Debtor Dean Gregory Asimos subsequently filed a voluntary petition for Chapter 13 Bankruptcy in this Court on or about August 29, 2011 (the "Chapter 13 Petition") and the Amended Chapter 13 Plan for which was confirmed by this court on March 2, 2012.  [JSF ¶ 4].

From a review of Defendant Asimos' filings in the Chapter 13 case, the record is devoid of any disclosure by Asimos to this Court or the Chapter 13 Trustee that he had in fact entered into a Settlement Agreement on May 25, 2011 in the Contra Costa Action for an amount in excess of $100,000.  Further, there is no evidence that Asimos ever disclosed to this Court or the Chapter 13 Trustee that the settlement funds from the Contra Costa Action were already sitting in the Trust Account for the Parties and that Asimos claimed entitlement to those funds. [JSF ¶ 6, Exhibit 2 – Asimos Cross-Complaint; Declaration of Stephan E. Kyle ("Kyle Decl.") submitted herewith at ¶¶ 6-7].

## B.    Post-Petition Events

### 1.    The San Francisco Superior Court Action – Defendant Asimos Pursues Damages and Attorneys' Fees Against Plaintiff

Shortly after the Chapter 13 Petition was filed, unbeknownst to him, Plaintiff filed the action *Thompson v. Asimos* (San Francisco Superior Court Action No. CGC-11-514980)(hereinafter "the San Francisco Action") against Defendant Asimos on October 11, 2011 alleging various causes of action arising out of the failed business relationship between them, including Trademark Infringement, Unfair Competition (Lanham Act), Unfair Competition (Cal. Bus. & Prof. Code), Injury To Business Reputation, False Description, Breach Of Contract, and Declaratory Relief.   [JSF ¶5, Exhibit 1 – Complaint].

Rather than notify Plaintiff and the San Francisco Superior Court of the Chapter 13 Petition in order to invoke the automatic stay, Defendant Asimos instead went on the offense and filed a counter-suit against Plaintiff in the San Francisco Action on November 30, 2011, alleging multiple claims for damages against Plaintiff, including Breach of Contract, Breach of Good Faith and Fair Dealing, Accounting, Fraud and Concealment, and Constructive Trust. [JSF ¶ 6, Exhibit 2 – Asimos Cross-Complaint].

On February 23, 2012, in anticipation of the First Case Management Conference in the San Francisco Action, Asimos filed a case management conference statement.  Section 12 and 13 of the case management conference statement required the party to list any related cases or bankruptcy proceedings.  Asimos failed to disclose, and concealed from the San Francisco Superior Court and from Plaintiff, that the Chapter 13 Petition had been filed.  [Kyle Decl. ¶ 5, Exhibit 13 - CMC Statement].  Defendant Asimos was represented by counsel in the San Francisco Action.  [JSF ¶ 8].

Further, as noted above, there is no evidence that Defendant Asimos notified the Chapter 13 Trustee of the lawsuit that had been filed and the counter-suit he had filed against Plaintiff seeking damages and attorneys' fees in the San Francisco Action.  Kyle Decl. ¶¶ 6-7.

Litigation on the Complaint and Asimos Cross-Complaint in the San Francisco Action continued for months without any disclosure by Defendant Asimos regarding his Chapter 13

Kyle
Law
Corporation

Petition filing. Defendant Asimos' deposition was taken in the San Francisco Action less than 30 days before trial. During his deposition under oath, Defendant Asimos finally disclosed to Plaintiff's attorney that he had filed a Chapter 13 Bankruptcy petition over a year earlier. [JSF ¶ 9].

Upon learning of the bankruptcy, Plaintiff immediately notified the Chapter 13 Trustee and this Court of the pending litigation between the Parties and the more than $100,000 in funds held in trust for the Parties. Per a stipulation filed with this Court and subsequent order, the Parties were granted leave from the Bankruptcy Code's automatic stay and the San Francisco Action proceeded to trial. [JSF ¶ 10; Kyle Decl. ¶¶ 6-7].

A bench trial was then held in the San Francisco Action over the course of several days in October of 2012. Ultimately, judgment was entered against Defendant Asimos on August 23, 2013. The Court rejected each of the claims alleged by Defendant Asimos in his Cross-complaint and awarded Plaintiff a monetary judgment on his claims in the sum of amount of $450,038 (the "Business Damages Judgment") plus additional attorney's fees and costs in the amount of $181,250 (the "Contract Attorney Fee Award") and court costs in the amount of $9,185.45 (the "Court Cost Award"). The Court also issued a Permanent Injunction against Defendant requiring him to "sign immediately any documents reasonably necessary to effectuate the distribution" to Plaintiff of the settlement monies in the Trust Account stemming from the settlement of the Contra Costa Action (the "Permanent Injunction"). [JSF ¶ 11, Exhibit 3 – Business Damages Judgment, Exhibit 4 – Contract Attorney Fee Award, Exhibit 5 – Court Cost Award, and Exhibit 6 – Permanent Injunction].

### 2. The Chapter 7 Conversion and Discharge

Shortly after Judgment was entered in favor of Plaintiff in the San Francisco Action, Defendant Asimos converted his Chapter 13 case to one under Chapter 7 on October 10, 2013. [JSF ¶ 12].

This Court entered Defendant Asimos' discharge on May 19, 2014 (the "Discharge") and subsequently closed the main bankruptcy case on June 11, 2014. Asimos' chapter 7

Kyle
Law
Corporation

proceeding was determined to be a "no-asset" bankruptcy.  [JSF ¶ 13].

C. **The Post-Discharge Events – Defendant Asimos "Returns to the Fray"**

1. **Defendant Asimos Files and Prosecutes an Appeal Rather After The Discharge Is Entered**

After the conversion of his bankruptcy case to one under Chapter 7, Defendant Asimos filed an appeal in the California Court of Appeal, First Appellate District on October 23, 2013 (Court of Appeal Case No. A140096), whereby he appealed the Business Damages Judgment and the Contract Attorney Fee Award (the "First Appeal").  [JSF ¶ 14].

Rather than rely on the Discharge, Defendant Asimos went back on the offensive in the First Appeal.  Defendant Asimos did not only seek to have the Judgment against him reversed, he also sought affirmative relief in the First Appeal and requested that the Court of Appeal enter judgment "in favor of Asimos on his breach of contract action and his action for an accounting." [JSF ¶ 17, Exhibit 7 – Asimos Opening Brief on Appeal at p. 35, *et seq.*].  Plaintiff was required to defend the First Appeal in order to avoid the potential outcome of a money judgment being entered against him by the Court of Appeal, as was being requested by Defendant Asimos.

Defendant's offensive posture in the First Appeal is further articulated in the Reply Brief in the First Appeal filed on behalf of Asimos on January 12, 2015.  [JSF ¶ 18, Exhibit 8 – Asimos Reply Brief on Appeal].  The conclusion in the Reply Brief makes clear Defendant Asimos' affirmative actions to recover damages and attorneys' fees under the contract between the parties, and states:

> Appellant has been so severely prejudiced by the faulty decision below that not only is he entitled to reversal, but he is also entitled to costs and attorney's fees on appeal and for the trial below under the contracts.

[JSF Exhibit 8 at p. 28].

Defendant Asimos was represented by counsel in the First Appeal.  [JSF ¶ 16].

On December 15, 2016, the California Court of Appeal filed its decision in the First Appeal, which, among other things, remanded the case to the trial court for a further determination on damages.  [JSF ¶ 19].

Kyle
Law
Corporation

On February 22, 2017, the California Court of Appeal issued its remittitur in the First Appeal and the decision of the Court became final, thereby restoring the trial court's jurisdiction over the matter such that it could, on remand, render a further determination on damages as well as hear further motions filed by the parties in connection therewith. [JSF ¶ 20].

On June 7, 2017, the San Francisco Superior Court entered an order awarding further attorneys' fees to Plaintiff in connection with the First Appeal in the amount of $74,911.50 (the "First Appeal Attorney Fee Award"). The trial court also denied a counter-motion filed by Defendant's attorney for requested attorneys' fees incurred in the First Appeal. [JSF ¶ 21, Exhibit 9 - Order granting the First Appeal Attorney Fee Award].

### 2. Defendant Asimos' Refusal to Comply with the Permanent Injunction Leading to a Contempt Judgment Against Him

Meanwhile, Defendant Asimos continued to refuse to sign the documentation needed in order to release the settlement monies from the Trust Account to Plaintiff. As a result, Plaintiff was forced to initiate contempt proceedings in the San Francisco Superior Court against Defendant Asimos in August 2015 asserting that Defendant failed to comply with the requirements of the Permanent Injunction. [JSF ¶ 22; Kyle Decl. ¶¶ 8-32].

The San Francisco Superior Court entered its judgment of contempt against Defendant Asimos on November 13, 2015, after multiple hearings, and subsequently ordered Mr. Asimos to pay reasonable attorneys' fees in the amount of $62,785.37 to Plaintiff (the "Judgment of Contempt"). [Kyle Decl. ¶¶ 8-32]. In finding Defendant Asimos guilty of contempt of court, the Court made the following findings, "***beyond a reasonable doubt:***"

> 1. That Contemnor is guilty of contempt of court, beyond a reasonable doubt, in violation of California Code of Civil Procedure Section 1209(a)(5) for disobedience of a lawful judgment, order or process of the court;
>
> 2. That Contemnor had knowledge of the Permanent Injunction, was able to comply at the time of the Permanent Injunction and continued to have such ability, and willfully failed to comply with the Permanent Injunction;
>
> 3. That Contemnor is sentenced to …

Kyle
Law
Corporation

a. Pay a fine to the Court in the amount of One Thousand Dollars ($1,000). . . .

b. Pay to Plaintiffs the attorneys' fees and costs incurred in initiating and prosecuting the contempt charge against Contemnor pursuant to appropriate motion filed.

[JSF ¶ 25, Exhibit 10 – Judgment of Contempt; Exhibit 11 – Order awarding attorneys' fees].

Defendant Asimos was represented by counsel in the Contempt Proceedings.

### 3. Defendant Asimos Files A Second Appeal

Defendant Asimos then filed a second appeal in the California Court of Appeal, First Appellate District (Court of Appeal Case No. A147960) on March 2, 2016 (the "Second Appeal") arising out of the same trial court action, wherein he appealed the attorney fee award in connection with the Judgment Of Contempt. [JSF ¶ 26].

Defendant Asimos was represented by counsel in the Second Appeal. [JSF ¶ 28].

On September 5, 2018, the California Court of Appeal filed its decision on the Second Appeal which affirmed the trial court's February 24, 2016 Order. Remittitur was issued on November 16, 2018. [JSF ¶ 29].

On February 1, 2019, the trial court entered an order awarding further attorneys' fees to Plaintiff in connection with the Second Appeal in the amount of $55,808.00 (the "Second Appeal Attorney Fee Award"). [JSF ¶ 30].

In light of these facts, the majority of which are jointly stipulated, Plaintiff now seeks a determination of nondischargeability or a declaration of rights with respect to the scope of the Discharge with respect to certain debts of Defendant Asimos that have arisen since the filing Chapter 13 Petition, specifically, (1) the Contract Attorney Fee Award, (2) the Court Cost Award, (3) the Judgment of Contempt, (4) the First Appeal Attorney Fee Award and (5) the Second Appeal Attorney Fee Award.

Kyle
Law
Corporation

# IV. ARGUMENT

## A. Legal Standard

### 1. Summary Judgment

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "It is the opposing party's obligation to establish facts from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). "A properly-supported summary judgment motion cannot be defeated by the mere existence of some alleged factual dispute." *Roussos v. Michaelides (In re Roussos)*, 251 B.R. 86, 91 (9th Cir. BAP 2000).

## B. Plaintiff Is Entitled to A Declaration of Rights (1) That His Claims Were Not Discharged In The Case And (2) Any Efforts To Collect On Those Claims Does Not Violate The Discharge Injunction of 11 U.S.C. § 524.

### 1. Defendant Asimos Voluntarily Pursued Litigation Post-Petition

Pursuant to prevailing law in the Ninth Circuit, while bankruptcy protects a debtor from past acts, the debtor may not - without consequences - either initiate litigation post-petition or "return to the fray" to continue pre-petition litigation. *Boeing North American, Inc. v. Ybarra (In re Ybarra)*, 424 F. 3d 1018 (9th Cir. 2005).

In reaching its decision, the *Ybarra* court relied on its earlier decision in *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525, 533- 34 (9th Cir. 1998), where the debtor commenced

Case: 14-01018    Doc# 73-1    Filed: 09/30/20    Entered: 09/30/20 11:49:51    Page 14 of 21

Kyle Law Corporation

litigation post-petition. On this point, the *Ybarra* court stated: "Even if a cause of action arose pre-petition, the discharge shield cannot be used as a sword that enables a debtor to undertake risk-free [post-petition] litigation at others' expense." *Ybarra* at 101126. Thus, "post-petition attorney fee awards are not discharged where post-petition, the debtor voluntarily 'pursue[d] a whole new course of litigation,' commenced litigation, or 'return[ed] to the fray' voluntarily." *Id.* at 1024 (quoting *Siegel*, 143 F.3d 525, 533–34.)

A 2014 case decided by the Oregon Court of Appeals explained the *Siegel* and *Ybarra* rule in the context of a contractual attorneys' fees claim. *See, Sherwood Park Business Center, LLC v. Taggart*, 267 Or.App. 217, 341 P. 3d 96 (Or.App. 2014). The *Taggart* court explained:

> Whether attorney fees and costs incurred through the continued prosecution of litigation initiated pre-petition may be discharged depends on whether the debtor has taken affirmative post-petition action to litigate a prepetition claim and thereby has risked the liability of these litigation expenses. [Ybarra] at 1026; *see In re Gillespie*, 516 B.R. 586, 592 (9th Cir. BAP 2014) (applying rule from Ybarra to conclude that the debtor was "not entitled to a discharge of * * * postpetition attorney fees" where the debtor "chose to resume his participation in the state court action postpetition in order to preserve his * * * asserted interest in the collateral, in his cross-claims, and in his defenses to [the other party's] claims").

*Taggart* at 341 P3d 103.

As set forth below, Defendant Asimos should not be permitted here to use the Discharge as a "sword" to undertake risk-free post-petition and, in some cases, post-Discharge litigation at Plaintiff's expense.

### 2. Post-Petition Debts Are Not Discharged in Chapter 7 Cases

#### (a) Plaintiff Is Not Making Any Claim to the Pre-Petition Debt

Plaintiff acknowledges that the $450,038 Business Damages Judgment constitutes a pre-petition debt since it arose out of the parties business relationship prior to the filing of the Chapter 13 Petition.[1] Plaintiff's First Amended Complaint filed in the Adversary Proceeding does not seek a determination of nondischargeability of the Business Damages Judgment. Instead, Plaintiff's

Kyle
Law
Corporation

---

[1] The final amount of the Business Damages Judgment remains unsettled, since the Court of Appeal remanded the issue back to the San Francisco Superior Court to recalculate the damages amount.

claims in this Adversary Proceeding are limited to debts caused by Defendant Asimos' conduct post-petition.

### (b) The Contract Attorney Fee Award and the Court Costs Award Are Not Discharged

Plaintiff's judgment against Defendant Asimos in the San Francisco Action included the fees and costs he necessarily incurred in defending against the counter-suit claims and requests for attorneys' fees made by Defendant Asimos in the San Francisco Action. [JSF ¶ 6]. As set forth above, Defendant Asimos actively concealed the bankruptcy from Plaintiff and (also concealed the Trust Account monies, the San Francisco Action and his counter-suit from the Chapter 13 Trustee and this Court). This concealment caused Plaintiff to incur hundreds of thousands of dollars in attorneys' fees and litigation costs and should be deemed willful and malicious conduct such that the Contract Attorney Fee Award and the Court Costs Award be deemed not dischargeable under Section 523(a)(6).

Regardless of the applicability of Section 523(a)(6) however, Plaintiff contends that the Contract Attorney Fees Award and the Court Costs should be excluded from the scope in the Discharge Injunction altogether, since Defendant Asimos commenced litigation – post-petition - against Plaintiff and sought the recovery of attorneys' fees against Plaintiff in the San Francisco Action. Plaintiff was required to defend against Defendant Asimos' litigation and incurred substantial attorneys' fees and court costs (included within the Contract Attorney Fee Award and Court Costs Award). [JSF ¶ 11, Exhibit 4 – Contract Attorney Fee Award, Exhibit 5 – Court Costs Award].

When judgment was entered against Defendant Asimos on his counter-suit and in favor of Plaintiff on his claims in the San Francisco Action, Defendant Asimos then immediately converted his Chapter 13 case to one under Chapter 7 in an attempt to include the entirety of the judgment against him in the bankruptcy (including the Contract Attorney Fee Award and Court Costs Award). [JSF ¶ 12]. Certainly, had Defendant Asimos prevailed on his counter-suit and had judgment been entered in his favor, he would have been entitled to recover his attorneys' fees incurred against Plaintiff. Yet, Defendant now claims that the Discharge shields him from the Contract Attorney Fee

Kyle
Law
Corporation

Award and the Court Costs Award entered Against him.

Under the *Ybarra* line of cases, Defendant Asimos' post-petition litigation conduct mandates that the Contract Attorney Fee Award and the Court Costs Award be excluded from the scope of the Discharge Injunction. It is clear that Defendant Asimos affirmatively filed and prosecuted to conclusion litigation against Plaintiff of his pre-petition claims after filing his Chapter 13 petition. [JSF ¶ 6, Exhibit 2 – Asimos Cross-Complaint]. He also sought to recover all of his contractual attorneys' fees against Plaintiff. After months of intense litigation, he lost on his claims [JSF ¶ 11, Exhibit 3 – Judgment] and then tried to "shield" himself from the resulting liability by converting his case to Chapter 7 [JSF ¶ 12]. Defendant Asimos should not be permitted here to use the Discharge "shield" as a "sword" to undertake risk-free post-petition litigation at Plaintiff's expense.[2]

### 3. Post-Discharge Debts Are Not Discharged in Chapter 7 Cases

#### (a) Defendant Asimos "Returned to the Fray" Post-Discharge and Is Therefore Liable For the First Appeal Attorney Fees Award

After losing the San Francisco Action, Defendant Asimos continued pursuing litigation against Plaintiff by way of the First Appeal, seeking not only to overturn the judgment against him but seeking to have a judgment affirmatively in his favor and against Plaintiff substituted in its place. Notably, the First Appeal was filed ***after*** the conversion of his bankruptcy case to one under Chapter 7. [JSF ¶ 14]. In fact, Defendant Asimos opening brief on appeal in the First Appeal was not even filed until 4 months ***after*** the Discharge was entered. [JSF ¶ 17].

Defendant's opening brief on appeal and reply brief make it abundantly clear that Defendant Asimos was not only seeking to have the Business Damages Judgment, Contract Attorneys' Fees Award and Court Costs Award reversed, but was in fact seeking an affirmative judgment in favor of Defendant Asimos for his damages related to his breach of contract action, which would include his attorneys' fees and costs. As Defendant argued in his Opening Brief:

---

[2] Plaintiff is unaware of any case law having addressed the specific factual situation presented in this case, namely where a debtor undertakes litigation post-Chapter 13 petition and subsequently converts the case to Chapter 7 after judgment is rendered. Plaintiff asserts that the subsequent conversion to Chapter 7 should not be a permitted exception to the rule set forth in *Ybarra* and *Siegel*. Such a result would encourage Chapter 13 debtors to engage in post-petition litigation against creditors knowing that they will be allowed to discharge any subsequent attorney fee award against them by way of Chapter 7 conversion if they lose.

Kyle
Law
Corporation

As such, the decision below finding breach of contract by Asimos and associated attorneys' fees, costs and interest must be vacated . . . *and judgment entered in favor of Asimos on his breach of contract action and action for an accounting.*

[JSF ¶ 17, Exhibit 7 – Opening Brief at p. 67 (emphasis added)].

Plaintiff incurred substantial attorneys' fees defending against the First Appeal.[3] Plaintiff's efforts were successful as Plaintiff was determined to be the "prevailing party" on appeal. His attorneys' fees were subsequently awarded to him as the First Appeal Attorney Fee Award in the amount of $74,911.50. [JSF ¶ 21]. The entirety of the First Appeal Attorney Fee Award arose post-Discharge and therefore should be excluded from the scope of the Discharge Injunction.

**(b)    Defendant Asimos' Post-Discharge Conduct Resulted in The Contempt Judgment Against Him**

Defendant Asimos' post-Discharge conduct did not stop there. He continued to resist Plaintiff's legitimate efforts to enforce the Permanent Injunction despite the fact that he was not relieved from his obligations to comply with the Permanent Injunction by the Chapter 7 Discharge. Indeed, Defendant Asimos' refusal to comply by the requirements of the Permanent Injunction all arose post-Discharge which, in turn, required Plaintiff to initiate contempt proceedings against him in order to have the Permanent Injunction enforced and the Trust Account monies released to Plaintiff. As set forth above, Defendant Asimos was found guilty of contempt of court, beyond a reasonable doubt. [JSF ¶ 22; Kyle Decl. ¶¶ 8-32].

Plaintiff incurred, and was awarded $62,785.37 in attorneys' fees pursuant to the Judgment of Contempt, all of which was necessary to compel Defendant Asimos' compliance with the Permanent Injunction requiring him to sign papers necessary to allow the release of the settlement monies in the Trust Account from the Contra Costa Action to Plaintiff. [JSF ¶ 22]. Since all of this conduct arose post-Discharge, the Judgment of Contempt and the related attorney fee award should be excluded from the scope of the Discharge.

---

[3] It is important to recognize that Plaintiff was forced to defend the First Appeal since the appeal was not limited to a request of reversal, but rather Defendant Asimos further sought to have a judgment affirmatively entered in his favor on the underlying dispute. If Plaintiff elected to not defend against the First Appeal, he would have risked the likely possibility that a judgment would have been entered against him.

Kyle
Law
Corporation

### (c) The Second Appeal Attorney Fee Award

After entry of the Judgment of Contempt, Defendant Asimos then filed another appeal (the "Second Appeal") specifically challenging the attorney fee award related to the Contempt proceedings. [JSF ¶ 26]. Defendant Asimos lost the appeal, and subsequently Plaintiff was awarded an additional $55,808.00 in attorneys' fees (the Second Appeal Attorney Fee Award) as the prevailing party on appeal. [JSF ¶ 30]. The entirety of the Second Appeal took place well after the Discharge had been entered. As such, the Second Appeal Attorney Fee Award should be excluded from the scope of the Discharge.

### C. Plaintiff Is Also Entitled To A Determination That Defendant Asimos' Debt to Plaintiff Is Not Dischargeable Pursuant to 11 U.S.C. §523(a)(6)

Section 523(a)(6) prevents discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Supreme Court in *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57 (1998), made clear that section 523(a)(6) applies where the actor intends the consequences of the act. *Id.* at 60. Here, willfulness and maliciousness are present with respect to Defendant Asimos' conduct.

### 1. Defendant Asimos' Violation of the Permanent Injunction was Willful and Malicious

Failure to comply with court directives in an injunction satisfies the condition of willful and malicious within 11 U.S.C. 523(a)(6). *McDowell v. Stein,* 415 B.R. 584, 600 (S.D. Fla. 2009)(citing *In re Allison,* 176 B.R. 60, 64 (Bankr. S.D. Fla. 1994)]. In *In re Allison*, the bankruptcy court held that a state court contempt judgment, entered upon a finding that the debtor had violated a temporary injunction, was non-dischargeable under section 523(a)(6). Just as the debtor in *In re Allison* violated a court-ordered temporary injunction, Defendant Asimos violated the court-ordered Permanent Injunction. Failure to comply with this court directive satisfies the willful and malicious requirements of 11 U.S.C. § 523(a)(6). ***Indeed, the trial court made specific findings that Defendant Asimos had knowledge of the Permanent Injunction and "willfully failed to comply with the Permanent Injunction.*** [JSF ¶ 25, Exhibit 10 – Judgment of Contempt at p. 2].

Kyle
Law
Corporation

Case: 14-01018   Doc# 73-1   Filed: 09/30/20   Entered: 09/30/20 11:49:51   Page 19
of 21

## 2. The Contempt Judgment and the Second Appeal Attorney Fee Award Are Not Dischargeable Under Section 523(a)(6)

Because of Defendant Asimos willful and malicious failure to comply with the requirements of the Permanent Injunction, the damages caused by this failure, including the Judgment of Contempt attorney fee award and the Second Appeal Attorney Fee Award are nondischargeable under section 523(a)(6). *McDowell* at 600.

Further, contempt sanctions themselves are nondischargeable under section 523(a)(6) where the conduct leading to them was "willful and malicious." *In re Suarez,* 400 B.R. 732, 740 (9th Cir. 2009). Here, the San Francisco Superior Court made the express finding, after consideration of all of the evidence submitted in the Contempt proceedings, that Defendant Asimos was guilty of contempt of court, ***beyond a reasonable doubt,*** and that he "had knowledge of the Permanent Injunction, was able to comply at the time of the Permanent Injunction and continued to have such ability, ***and willfully failed to comply with the Permanent Injunction.***" [JSF ¶ 25, Exhibit 10 – Judgment of Contempt at p. 2]. Such findings made by the trial court clearly illustrate that Defendant Asimos' conduct was willful and malicious. As such, the attorneys' fees awarded to Plaintiff pursuant to the Judgment of Contempt, as well as the Second Appeal Attorney Fee Award, should be deemed nondischargeable under section 523(a)(6).

## 3. Defendant Asimos Is Bound By the Actions Taken By His Counsel

Defendant Asimos has asserted "advice of counsel" as a defense to Plaintiff's claims that he acted willfully and maliciously with respect to the state court litigation, including the Permanent Injunction and the Contempt Judgment. Unfortunately for Defendant Asimos, a client routinely suffers the consequences of its attorney's errors. After all, as the U.S. Supreme Court has made clear, "each party is deemed bound by the acts of his lawyer agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) (internal citations omitted). Thus, mistakes of counsel are chargeable to the client even where the client merely relies, in good faith, on attorney advice. Defendant Asimos cannot avoid liability for the actions taken on his behalf by his attorney.

## V. CONCLUSION

For the forgoing reasons, and in the interests of justice, Plaintiff respectfully requests

Kyle
Law
Corporation

that the Court grant this motion and enter an Order as follows:

(1)  Declaring that Plaintiff's state court Judgment of Contempt, First Appeal Attorney Fee Award, Second Appeal Attorney Fee Award, Contract Attorney Fee Award and Court Cost Award each do not seek to impose liability on Defendant Asimos for any debt discharged in the Case;

(2)  Declaring that further prosecution of the San Francisco Action against Defendant Asimos pursuant to the orders and remittiturs issued by the California Court of Appeal in the First Appeal and Second Appeal, and the subsequent orders of the trial court in the San Francisco Action, including obtaining a final judgment therein and collecting on that judgment, does not violate the Discharge injunction; and

(3)  Determining that these debts are nondischargeable by virtue of the provisions of 11 U.S.C. § 523(a)(6) as a consequence of Defendant Asimos willful and malicious conduct.

Respectfully submitted,

DATED: September 30, 2020

KYLE LAW CORPORATION


By */s/ Stephan E. Kyle*
Stephan E. Kyle, Esq.
Attorneys for Jason Everett Thompson

Kyle
Law
Corporation

-16-