IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br>DEAN GREGORY ASIMOS,<br>Debtor.<br><br>JASON EVERETT THOMPSON,<br>Plaintiff,<br>v.<br>DEAN GREGORY ASIMOS,<br>Defendant. | Case No.: 11-13214-AJ<br>Chapter 7<br>Adv. Case No. 14-01018 CN<br>**JOINT STIPULATION OF FACTS IN SUPPORT OF CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Charles Novak |

The undersigned parties, constituting both the Adversary Plaintiff Jason Everett Thompson ("Plaintiff" or "Thompson") and Adversary Defendant Dean Gregory Asimos ("Defendant," "Debtor" or "Asimos") (collectively with Thompson, the "Parties") herein, hereby stipulate (the "Joint Stipulation") to the following facts and authenticity of documents for purposes of the hearing (the "Hearing") on their respective Motions for Summary Judgment against each other which are being filed separately (the "Cross-Motions").

## STIPULATIONS OF FACT

1. In 2008, Plaintiff and Defendant entered into a business relationship. The relationship was expected to enable Thompson to benefit from Asimos' status as a licensed real estate broker by complementing his existing consulting business with commission-based

-1-
IN RE: DEAN GREGORY ASIMOS
CASE NO. 11-13214-AJ

Case: 14-01018    Doc# 73-2    Filed: 09/30/20    Entered: 09/30/20 11:49:51    Page 1 of 6

transactions regulated by the Department of Real Estate. Asimos was expected to benefit from Plaintiff's consulting business in the high-tech industry by exposure to an emerging field of high-tech commercial real estate through Thompson's pre-existing business contacts and experience.

2. During the course of the business relationship, one of Plaintiff's client's disputed payment of a large commission, resulting in Asimos becoming plaintiff in the action *Dean Asimos dba Wired Real Estate Group v. Astound Broadband, LLC, et al.*, filed on October 23, 2009 in Contra Costa County Superior Court as Case No. C09-02957 (hereinafter, "the Contra Costa County Action").

3. The Parties ultimately settled the Contra Costa County action and the case was dismissed on June 6, 2011. Very soon thereafter, the settlement funds, net of litigation costs and contingency fees, totaling in excess of $100,000 were deposited into the Trust Account of Carr, McClellan, Ingersoll, Thompson & Horn Professional Law Corporation, the attorneys for the Parties ("Trust Account").

4. Debtor Dean Gregory Asimos filed a voluntary petition for Chapter 13 Bankruptcy in this Court on or about August 29, 2011 (the "Chapter 13 Petition") and the Amended Chapter 13 Plan for which was confirmed by this court on March 2, 2012.

5. Plaintiff filed the action *Thompson v. Asimos* (San Francisco Superior Court Action No. CGC-11-514980)(hereinafter "the San Francisco Action") against Defendant Asimos on October 11, 2011 alleging various causes of action arising out of the failed business relationship between them, including Trademark Infringement, Unfair Competition (Lanham Act), Unfair Competition (Cal. Bus. & Prof. Code), Injury To Business Reputation, False Description, Breach Of Contract, and Declaratory Relief. A true and correct copy of complaint filed by Thompson is attached hereto as Exhibit 1.

-2-
IN RE: DEAN GREGORY ASIMOS
CASE NO. 11-13214 AJ

Case: 14-01018    Doc# 73-2    Filed: 09/30/20    Entered: 09/30/20 11:49:51    Page 2 of 6

6. Defendant Asimos filed a counter-suit against Plaintiff in the San Francisco Action on November 30, 2011, alleging multiple claims for damages against Plaintiff, including Breach of Contract, Breach of Good Faith and Fair Dealing, Accounting, Fraud and Concealment, and Constructive Trust. A true and accurate copy of the cross-complaint filed by Asimos is attached hereto as Exhibit 2.

7. Plaintiff was represented by attorney C. Todd Norris of Bullivant Houser Bailey, PC in the San Francisco Action.

8. Defendant was represented by attorney Jessica R. Barsotti in the San Francisco Action.

9. Defendant's deposition was taken in the San Francisco Action less than 30 days before trial. During his deposition, Defendant admitted to Thompson's attorney that he had filed a Chapter 13 Bankruptcy petition.

10. Per a stipulation filed with this Court and subsequent order, the Plaintiff and Defendant were granted leave from the Bankruptcy Code's automatic stay and the San Francisco Action proceeded to trial on Plaintiff's complaint and Defendant's cross-complaint.

11. A bench trial was then held in the San Francisco Action over the course of several days in October of 2012. Ultimately, judgment was entered against Defendant Asimos on August 23, 2013 in the amount of $450,038 ("Business Damages Judgment") plus additional attorney's fees and costs in the amount of $181,250 ("Contract Attorney Fee Award"). The Court also issued a Permanent Injunction against Defendant requiring him to "sign immediately any documents reasonably necessary to effectuate the distribution" of certain monies held in trust by an attorney to Plaintiff and Defendant Asimos (the "Permanent Injunction"). True and correct copies of the following documents entered in the San Francisco Action are attached hereto as follows:

a. Exhibit 3 - Judgment for Money Damages and Permanent Injunction, entered August 23, 2013;

b. Exhibit 4 - Order Granting Motion for Attorneys' Fees, entered November 13, 2013;

c. Exhibit 5 - Memorandum of Costs and Minute Order taxing certain costs, entered October 3, 2013 (the "Court Cost Award"); and

d. Exhibit 6 - Permanent Injunction, entered August 23, 2013.

12. Defendant Asimos subsequently converted his Chapter 13 case to one under Chapter 7 on October 10, 2013.

13. This Court entered Defendant Asimos' discharge on May 19, 2014 (the "Discharge") and subsequently closed the main bankruptcy case on June 11, 2014. Asimos' chapter 7 proceeding was determined to be a "no-asset" bankruptcy.

14. After the conversion of his bankruptcy case to one under Chapter 7, Defendant's attorney filed an appeal in the California Court of Appeal, First Appellate District on October 23, 2013 (Court of Appeal Case No. A140096), whereby the Business Damages Judgment and the Contract Attorney Fee Award were appealed (the "First Appeal").

15. Plaintiff was represented by attorney Stephan E. Kyle of Kyle Law Corporation in the First Appeal.

16. Defendant was represented by attorney Jessica R. Barsotti in the First Appeal.

17. Following the Discharge, Defendant's attorney filed Appellant's Opening Brief in the First Appeal on behalf of Asimos on October 24, 2014. A true and correct copy of Appellant's Opening Brief in the First Appeal is attached hereto as Exhibit 7.

18. Defendant's attorney subsequently filed Appellant's Reply Brief in the First Appeal on behalf of Asimos on January 12, 2015. A true and correct copy of Appellant's Reply

Brief in the First Appeal is attached hereto as Exhibit 8.

19. On December 15, 2016, the California Court of Appeal filed its decision in the First Appeal, which, among other things, remanded the case to the trial court for a further determination on damages.

20. On February 22, 2017, the California Court of Appeal issued its remittitur in the First Appeal and the decision of the Court became final, thereby restoring the trial court's jurisdiction over the matter such that it could, on remand, render a further determination on damages as well as hear further motions filed by the parties in connection therewith.

21. On June 7, 2017, the San Francisco Superior Court entered an order awarding further attorneys' fees to Plaintiff in connection with the First Appeal in the amount of $74,911.50 (the "First Appeal Attorney Fee Award"). The trial court also denied a counter-motion filed by Defendant's attorney for requested attorneys' fees incurred in the First Appeal. A true and correct copy of the Order granting the First Appeal Attorney Fee Award is attached as Exhibit 9.

22. In August 2015, Plaintiff initiated contempt proceedings against Defendant asserting that Defendant failed to comply with the requirements of the Permanent Injunction (the "Contempt Proceedings").

23. Plaintiff was represented by attorney Stephan E. Kyle of Kyle Law Corporation in the Contempt Proceedings.

24. Defendant was represented by attorney Jessica R. Barsotti in the Contempt Proceedings.

25. The San Francisco Superior Court entered its judgment of contempt against Defendant Asimos on November 13, 2015, after multiple hearings, and subsequently ordered Mr. Asimos to pay reasonable attorneys' fees in the amount of $62,785.37 to Plaintiff (the

-5-
IN RE: DEAN GREGORY ASIMOS
CASE NO. 11-13214 AJ

"Judgment of Contempt"). A true and correct copy of the Judgment of Contempt is attached hereto as Exhibit 10. The Order awarding attorneys' fees is attached as Exhibit 11.

26. Defendant's attorney then filed a second appeal in the California Court of Appeal, First Appellate District (Court of Appeal Case No. A147960) on March 2, 2016 (the "Second Appeal") arising out of the same trial court action, wherein he appealed the attorney fee award in connection with the Judgment Of Contempt.

27. Plaintiff was represented by attorney Stephan E. Kyle of Kyle Law Corporation in the Second Appeal.

28. Defendant was represented by attorney Jessica R. Barsotti in the Second Appeal.

29. On September 5, 2018, the California Court of Appeal filed its decision on the Second Appeal which affirmed the trial court's February 24, 2016 Order. The Remittitur was issued on November 16, 2018.

30. On February 1, 2019, the San Francisco Superior Court entered an order awarding further attorneys' fees to Plaintiff in connection with the Second Appeal in the amount of $55,808.00 (the "Second Appeal Attorney Fee Award"). A true and correct copy of the Order granting the Second Appeal Attorney Fee Award is attached hereto as Exhibit 12.

DATED: September 29, 2020          KYLE LAW CORPORATION

                                   By _____
                                      Stephan E. Kyle, Esq.
                                      Attorneys for Jason Everett Thompson

DATED: September 29, 2020          Gale, Angelo, Johnson, & Pruett, P.C.

                                   By _____
                                      Joseph Angelo, Esq.
                                      Attorneys for Dean Gregory Asimos

-6-
IN RE: DEAN GREGORY ASIMOS
CASE NO. 11-13214-AJ