Joe Angelo (Bar # 268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorney for Defendant
Dean Asimos

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| In Re:<br><br>**DEAN GREGORY ASIMOS**<br><br>Debtor<br><br>---<br><br>Jason Everett Thompson<br><br>Plaintiff<br><br>v.<br><br>Dean Gregory Asimos<br><br>Defendant. | Case No.: 11-13214<br><br>A.P. Case No.: 14-01018-CN<br><br>Chapter 7<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 4, 2020<br>Time: 11:00 am<br>Location: Tele/videoconference<br>　　　　　Tele/videoconference<br><br>Judge: Hon. Charles Novack |

Debtor and Defendant Dean Asimos (hereinafter "Defendant" or "Asimos"), by and through his attorney Joe Angelo of Gale, Angelo, Johnson, & Pruett, P.C., hereby files this opposition to Plaintiff's Motion for Summary Judgment. In support of his opposition, and incorporating the facts, arguments, and statements contained within his own Motion for Summary Judgment, Defendant states as follow:

//

1

## I. PRELIMINARY STATEMENT

Plaintiff's Motion for Summary Judgment should be denied on the grounds that the facts of this case do not support the legal position or conclusions advanced by Plaintiff. In asking for the Court to grant his Motion, Plaintiff is asking that this Court ignore the default approach taken in the Ninth Circuit and instead make the exception the rule, simply because Plaintiff elected to litigate pre-petition issues after Defendant's bankruptcy filing. In addition, Plaintiff falls well short of the recognized standard in attempting to exclude various debts under 11 U.S.C. § 523(a)(6) as he fails to point to any intentional act of the Defendant. Lastly, Plaintiff simply concludes that an affirmative defense of reliance or advice of counsel does not apply because a party is bound by the acts of its counsel, completely overlooking the purpose of that specific affirmative defense.

## II. STATEMENT OF FACTS

The Parties have agreed to stipulate to a joint set of facts. The Joint Stipulation of Facts and accompanying exhibits have been filed by Plaintiff and appear on the Court's docket as Document Number 73 – Part 3, with the accompany exhibits as separate attachments contained within the same Document Number.

Any additional facts referenced in the instant opposition will be supported by the Declaration of Dean Asimos, the Declaration of Joe Angelo, and the accompanying exhibits attached to those respective declarations.

## III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, applicable here by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." At the summary judgment stage, the court's function is not to weigh evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Fed. R. Bankr. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litigation, 627 F.3d 376, 387 (9th Cir. 2010). If the

moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "In evaluating the evidence to determine whether there is a genuine issue of fact, [the court draws] all reasonable inferences supported by §the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F. 3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to establish facts from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). "A property-supported summary judgment motion cannot be defeated by the mere existence of some alleged factual dispute." Roussos v. Michaelides (In re Roussos), 251 B.R. 86, 91 (9th Cir. BAP 200).

1. **Plaintiff Ignores the Implication of the "Fair Contemplation" Approach Adopted by the Ninth Circuit**

Plaintiff is asking this Court to ignore various provisions of the Bankruptcy Code and Ninth Circuit case law in order to find that any post-petition activity is not subject to a discharge. The Bankruptcy Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Whether a claim exists generally is determined as of the date of the bankruptcy petition. 11 U.S.C. § 502(b). The "broadest possible definition" of the term "claim" is designed to ensure that "all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." In re SNTL Corp., 571 F.3d 826, 839 (9th Cir. 2009) (citing In re Jensen, 995 F.2d 925, 929 (9th Cir. 1993).

Under Ninth Circuit law, "[a] claim is 'contingent' when 'the debtor will be called upon to pay [it] only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor.'" In re Castellino Villas, A.K.F. LLC, 836 F.3d 1028, 1033 (9th Cir. 2016) (citing In re Fostvedt, 823 F.2d 305, 306 (9th Cir. 1987)).

The Ninth Circuit uses the "fair contemplation" test to determine when a claim arises and whether it is subject to the discharge order. See, e.g., In re SNTL Corp., 571 F.3d at 839; In re

Zilog, 450 F.3d 996, 1000 (9th Cir. 2006); In re Jensen, 995 F.2d at 930. Under the "fair contemplation" test a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." In re SNTL, Corp., 571 F.3d at 839. Courts have also held, when applying the "fair contemplation" test, that a continent claim for breach of contract arises at the time of contracting, not at the time of a subsequent breach. See Jensen, 995 F.3d at 930; In re Lombard Flats LLC, No. 15-cv-00870-PJH, 2016 WL 1161593, at *9 (N.D. Cal. Mar. 23, 2016) (citing Conseco, Inc. v. Schwartz (In re Conseco, Inc.), 330 B.R. 673, 686 (Bankr. S.D. Cal. 2005).

The above case law and law of this circuit is at odds with Plaintiff's approach that amount he claims to be entitled to is post-petition and cannot be included in a discharge. Both Castellino Villas, A.K.F., LLC and In re SNTL Corp. find that any action, such as the instant dispute, that was ultimately grounded in a breach of contact claim, allows for the discharge of any damages related to the breach, included attorney's fees, costs, and other claims. This is true even "if the creditor incurs attorneys' fees after the debtor was discharged." Castellino Villas, A.K.F., LLC, 836 F.3d at 1034, citing In re SNTL Corp., 571 F.3d at 839. See also, In re Fostvedt, 823 F.2d at 306.

2. **Plaintiff Wants This Court To Make The "Fair Contemplation" Approach The Exception And Not The Rule**

Plaintiff's Motion directs this Court to overlook the "fair contemplation" inquiry and instead apply the narrowly recognized exception to the "fair contemplation" approach as the general rule. In Baroni v. Wells Fargo Bank, N.A., 558 B.R. 916 (C.D. Cal September 30, 2016) the court recognized that the Ninth Circuit's "return to the fray" exception is narrow and that a court cannot carve out post-petition attorney's fees from a discharge if the conduct is related to the underlying, pre-petition action. Id., 558 B.R. at 929.

The limited exception to the "fair contemplation" approach in the Ninth Circuit is based on holdings in In re Ybarra, 424 F.3d 1018 (9th Cir. 2005) and In re Siegel, 143 F.3d 515 (9th Cir. 1998) where a debtor "returned to the fray postpetition by voluntarily and affirmatively acting to commence or resume the litigation with the creditor." In re Ybarra, 424 F.3d at 1026,

4

1027. In both <u>Siegel</u> and <u>Ybarra</u>, the Ninth Circuit looked the distinct and affirmative actions taken by the respective debtors in ultimately developing its narrow exception.

As highlighted in Asimos' own Motion for Summary Judgment, the behavior and conduct of the debtors in both <u>Ybarra</u> and <u>Siegel</u> are markedly different than the actions Plaintiff complains of regarding Asimos. In the instant case, it was Plaintiff that sought the initial relief from stay to continue litigating his case. Instead of simply accepting that Asimos bankrupt Plaintiff sought to continue to litigate the underlying state court action that he initiated against Asimos. The exceptions to the "fair contemplation" inquiry essentially involves the debtor taking various affirmative steps to institute new litigation and not simply continue with the course of any litigation pending at the time of the bankruptcy filing.

In <u>Siegel</u> the debtor, pre-filing, defaulted on two real estate loans. After defaulting he filed for chapter 7 protection. After receiving his chapter 7 discharge the debtor then initiated a post-discharge lawsuit against his lender, alleging that the lender breached the deed of trust. The Ninth Circuit found that the debtor voluntarily undertook a new course of litigation against the creditor and was, ultimately, liable for attorneys' fees incurred by the creditor. <u>Siegel</u>, 143 F.3d at 533.

Similarly, the debtor in <u>Ybarra</u>, filed a pre-bankruptcy employment discrimination suit against her employer. She subsequently filed for chapter 7 bankruptcy, and the chapter 7 trustee for her estate negotiated a settlement of the employment discrimination claim, resulting in the dismissal of the underlying state court lawsuit. <u>Id.</u>, at 1020-21. However, the debtor engaged in the "initiation of new litigation" post-petition by reviving a previously settled and dismissed lawsuit in order to actively pursue the creditor. <u>Id</u>, at 1023-24. In <u>Ybarra</u>, the Ninth Circuit specifically found that because the actions the debtor took to revive the previously dismissed state court lawsuit, "were sufficiently voluntary and affirmative to be considered returning to the fray" it did not allow attorney's fees incurred by the creditor to be included in the debtor's discharge. <u>Id.</u>, at 1027. A "debtor's decision…[to] engage in new litigation is more akin to post-petition conduct." <u>Camelback Constr.</u>, 836 F.3d at 1036.

5

Case: 14-01018    Doc# 81    Filed: 10/21/20    Entered: 10/21/20 16:27:51    Page 5 of 14

Here, Asimos did not file a new lawsuit against Plaintiff or seek to engage in any unrelated and new litigation outside the scope of the pre-petition complaint. While some post-filing discovery and motion work was done, the Ninth Circuit in Camelback recognized that type of activity behavior fell within the ambit of what was "fair contemplation" and allowed for the discharge of the debt and subsequent attorneys' fees that were incurred. Id. at 1036. Similarly, Baroni, recognized that while "neither Siegel nor In re Ybarra specifically mention the fair contemplation test, the court in [Camelback] describes those cases as instances in which the attorneys' fee award was simply not within the 'fair contemplation' of the parties." Baroni, 558 B.R. at 925.

The actions taken by Asimos were not extraordinary or unique in any way that would result in the narrow exception becoming the rule. Returning "to the fray" is not the default rule of this Circuit and is not applicable to the facts of this case. Despite what Plaintiff really wants to believe, the circumstances surrounding the underlying state court litigation are more analogous to the debtors in Baroni, Camelback, and In re Mighell, 564 B.R. 34 (C.D. Cal. February 7, 2017) rather than the path chosen by the debtors in Ybarra and Siegel.

As a result, Asimos requests that the Court deny Plaintiff's Motion as the facts do not support a finding that any claim made by Plaintiff is outside the scope of the "fair contemplation" inquiry.

3. **Plaintiff's Argument Regarding Nondischargeability Under Section 523(a)(6) Fails As The Facts Do Not Support A Finding Of Willfulness And Maliciousness**

Plaintiff, unable to actually articulate or point to any facts that would support a finding of both willful and malicious behavior by Asimos, awkwardly pivots to the theory that Asimos intended on "harming" Plaintiff by having him incur attorney's fees and costs that were ultimately subject to the bankruptcy discharge. The facts do not support, in any way, shape, or form, Plaintiff's theory.

Asimos always disclosed the existence of his bankruptcy filing and did not seek to hide or otherwise prevent Plaintiff from learning about the filing. When directly asked by Plaintiff's counsel during a deposition related to the underlying state court litigation, Plaintiff readily

disclosed the filing and provided the information that was needed in order for Plaintiff and his counsel to locate the case and related information. Asimos did not seek to hide behind the bankruptcy filing nor did he instruct his state court counsel to keep that fact from Plaintiff. Plaintiff should not have been surprised to learn of Asimos' bankruptcy filing as Asimos and Plaintiff discussed the possibility of Asimos filing for bankruptcy protection in late 2009. Asimos' disclosure and candor continued even after the relationship between the parties deteriorated. (Declaration of Dean Asimos, ¶ 20).

Separately, Plaintiff's theory that Asimos converted his case as a result of the state court litigation is unfounded and unsupported by the facts. Asimos filed for chapter 13 protection due to his significant income tax liability. Unable to remain in chapter 13 as a result of his inability to completely pay his tax liability, all the while incurring additional tax liability, Asimos elected to voluntarily convert his case to chapter 7 and work with the taxing authorities after entry of his discharge. The decision to convert the case to chapter 7 was done after Asimos realized that he would be unable to successfully modify his chapter 13 plan and continue with the monthly payments as his income was inconsistent. (Declaration of Dean Asimos, ¶¶ 5 - 6).

Similarly, the facts of this case do not support Plaintiff's position that Asimos wilfully and maliciously intended Plaintiff to incur attorney's fees. Asimos testified during his December 3, 2019 deposition that he was unaware of the fee agreement between Plaintiff and his counsel. Asimos' own retainer agreement with his state court counsel was a contingency agreement. Further, prior fee agreements between Asimos and Plaintiff were also on a contingency basis and Asimos understood those types of agreements to mean that the attorneys did not receive payment until any type of recovery was secured. Plaintiff did not disclose the nature of his agreement to Asimos. As a result, it would have been impossible for Asimos to know that Plaintiff may have had a different type of fee arrangement with his counsel and that any fees were billed on an hourly basis.

To prevail on a section 523(a)(6), claim, which prevents discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6), the complaining party must show that the debtor intended the consequences of the

7

Case: 14-01018     Doc# 81     Filed: 10/21/20     Entered: 10/21/20 16:27:51     Page 7 of 14

act, not simply the act itself.  Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57, 60 (1998).  Both willfulness and maliciousness must be proven to deny discharge under 523(a)(6).  In re Ormsby, 591 F. 3d 1199, 1206 (9th Cir. 2010).  "Negligent or reckless acts which inflict consequential injury do not fall within the ambit of § 523(a)(6).  Geiger, 523 U.S. at 64.

   a. **Plaintiff Cannot Show A Willful Injury**

In the Ninth Circuit, the courts have determined that section "523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002).  The Su court "established that the malicious injury requirement of § 523(a)(6) must be determined separately from the willful injury requirement." In re Barboza, 545 F.3d 702, 711 (9th Cir. 2008 (quoting In re Su, 290 F. 3d at 1146-47).  A "willful" injury is a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." Geiger, 523 U.S. 57, 61 (1998) (emphasis in original).

Plaintiff cannot establish that Asimos ever possessed the subjective motive to injure Plaintiff.  As stated above, Asimos explained during his December 3, 2019 deposition that he was unaware that his state court attorney, Ms. Barsotti, did not inform Plaintiff of the pending bankruptcy proceeding.  (Declaration of Joe Angelo; **Exhibit A:** Asimos Transcript Pg. 50-51, 122).  When specifically asked about the existence of any bankruptcy proceeding during a deposition that was being taken in connection with the state court proceeding, Asimos indicated that there was a pending proceeding and freely shared that information to Plaintiff and his counsel (Declaration of Dean Asimos, ¶¶ 15-16).  Had there been any intent to injure Plaintiff, as Plaintiff alleges, Asimos would not have disclosed the existence of his bankruptcy proceeding to Plaintiff and his counsel.  When asked directly, and not relying on Ms. Barsotti to provide information to Plaintiff and his counsel, Asimos disclosed the filing and willingly provided the information related to his pending bankruptcy proceeding.  (Declaration of Dean Asimos, ¶¶ 18-19).

Further, even if there was some hypothetical intent for Asimos to withhold the existence of his bankruptcy filing, Asimos could not have ever known that Plaintiff would be injured from

8

Case: 14-01018    Doc# 81    Filed: 10/21/20    Entered: 10/21/20 16:27:51    Page 8 of 14

that omission.  Asimos was unaware of the fee agreement that existed between Plaintiff and his counsel (Declaration of Joe Angelo, **Exhibit B:** Asimos Transcript Pg. 64; (Declaration of Dean Asimos, ¶ 22).  Asimos' own fee agreement was a contingency agreement and he understood that to mean that no money was to be paid and his counsel would recover fees only if he prevailed on his action. (Declaration of Joe Angelo, **Exhibit C:** Asimos Transcript Pg. 54; Declaration of Dean Asimos, ¶ 22).  Earlier legal arrangements between Asimos and Plaintiff also were subject to a contingency agreement (Declaration of Joe Angelo, **Exhibit D:** Asimos Transcript Pg. 86; (Declaration of Dean Asimos, ¶ 24).  There was nothing that would have alerted Asimos that Plaintiff was actively paying his counsel for his representation through at least September of 2012.

Further, Plaintiff cannot show that Asimos intended any type of injury to flow from the alleged concealment of his bankruptcy filing.  And when asked in his deposition regarding the existence of a bankruptcy, Asimos readily disclosed that he was involved in a bankruptcy proceeding.  The failure of Asimos' state court attorney to disclose the existence of a bankruptcy was unknown to Asimos and, if anything, supports the fact that Asimos had no intent to conceal the existence of his bankruptcy filing (Declaration of Dean Asimos, ¶¶ 16-18).  At best, Plaintiff may be able to show that Asimos was negligent in when the bankruptcy was disclosed, however, the Supreme Court in Geiger made clear that negligent or reckless acts are outside the scope of 11 U.S.C. § 523(a)(6)'s inquiry.  And even if the court were to be inclined to find that Asimos did intend to hide the existence of his bankruptcy filing, the facts do not support the conclusion that Asimos intended the injury (attorney's fees) as a result, as Asimos was not even aware of the arrangement between Plaintiff and his counsel.

b. **Malicious Injury**

Similarly, Plaintiff cannot show that there was any type of malicious injury that would satisfy the second part of the 523(a)(6) inquiry. "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001).  Malice may be inferred based on the nature of the wrongful act.  Transamerica Commercial Fin. Corp. v.

9

Littleton (In re Littleton), 942 F.2d 551, 554 (9th Cir. 1991). To infer malice, however, it must first be established that the conversion was willful." Thiara v. Spycher Bros. (In re Thiara), 285 B.R. 420, 432 (9th Cir. BAP 2002).

The "act" complained of in Plaintiff's amended complaint is that Asimos' failure to disclose his bankruptcy filing led to Plaintiff incurring unnecessary attorney's fees for prosecution of an action that would have otherwise not been maintained. Assuming that Plaintiff can establish that an omission is a "wrongful act" Plaintiff cannot establish that Asimos did that act intentionally, that the act caused injury, and that the act was done without just cause or excuse. It is also important to note that the Plaintiff actively continued to litigate the lawsuit even after he became aware of Asimos' bankruptcy filing and sought to lift the automatic stay so he could continue to pursue his claims against Asimos.

Plaintiff cannot show that Asimos intentionally failed to share the existence of his bankruptcy filing. The facts of this case do not support Plaintiff's argument, and instead support the position that Asimos did not intentionally fail to disclose the existence of his bankruptcy filing. Asimos explained during his December 3, 2019 deposition that his state court attorney filled out the case management form and neglected to check the bankruptcy box. (Declaration of Joe Angelo, **Exhibit E:** Asimos Deposition Pg. 122, Exhibit 19). When Asimos was asked about any bankruptcy filings during a deposition in connection with Plaintiff's state court action, Asimos disclosed the existence of the filing. Even Plaintiff concedes fact in his First Amended Complaint. (See Paragraph 16 of the First Amended Complaint; Docket Entry 64).

Similarly, Plaintiff cannot establish that any injury was incurred, or that Asimos was aware that any injury could have been caused to Plaintiff. Asimos testified during his December 3, 2019 deposition that he was unaware of the fee arrangement between Plaintiff and Plaintiff's counsel (Declaration of Dean Asimos, ¶ 22). Asimos himself explained that his own fee agreement with Ms. Barsotti was a contingency agreement and that he was not paying for her representation, and that his understanding was that Ms. Barostti would collect from any recovery that she secured. Asimos also alluded to a prior fee agreement between Plaintiff and himself that was on a contingency basis. (Declaration of Dean Asimos, ¶ 24).

Lastly, Plaintiff fails prove that the "act" was done without just cause or excuse. There is no dispute that Asimos disclosed the existence of his bankruptcy when he was directly asked by Plaintiff's counsel during a deposition that was taken in the course of the state court litigation. Asimos was unaware of any action that was taken by his counsel, Ms. Barsotti, and did not direct her to file forms that failed to disclose the existence of his bankruptcy proceeding. When Asimos was specifically asked by Plaintiff's counsel about the existence of a bankruptcy proceeding, Asimos disclosed the existence of his filing. (Declaration of Dean Asimos, ¶¶ 14-16). Asimos was unaware, prior to his state court deposition, that Plaintiff had requested information regarding the existence of a pending bankruptcy. Had Plaintiff sought such information directly from Asimos, Asimos would have provided that information immediately. (Declaration of Dean Asimos, ¶¶ 15, 18, 19).

The facts establish that Asimos did not willfully and maliciously harm Plaintiff by failing to disclose the existence of his bankruptcy filing. Plaintiff cannot show otherwise. Therefore, it is appropriate for the Court to deny Plaintiff's Motion. There is no question of fact regarding Asimos' intent and this matter can be resolved at this juncture without the need for a further presentation of evidence.

4. **Plaintiff Ignores The Facts Regarding Asimos' Reliance On His State Court Counsel**

Plaintiff's fleeting attempt to reduce the significance of the actions and behavior of Asimos' state court counsel ignores the well-established concept and defense of "advice" or "reliance" upon counsel. In advancing his position, Plaintiff simply concludes that "…mistakes of counsel are chargeable to the client even where the client merely relies, in good faith, on attorney advice." Pg. 15. In support of that statement Plaintiff relies on the general holding from Link v. Wabash R. Co., 370 U.S. 626, 634 (1962), which involved the dismissal of an action due to the failure of counsel to appear and prosecute the action.

Despite Plaintiff's position that a party is bound, without recourse, by the actions of counsel, Courts have recognized that a party's reliance on the advice or counsel can be used to negate or otherwise dispute an intentional act or element regarding the behavior of the

represented party.  See generally, Robinson v. Worley, 848 F.3d 577, 586 (4th Cir. 2017) (finding that reliance on the advice of counsel is an affirmative defense that absolves a debtor of fraudulent intent if the reliance on the advice was reasonable.); Retz v. Samson, 606 F.3d. 1189 (9th Cir. 2010); In re Abdeeb, 787 F.2d 1339, 1343 (9th Cir. 1986) ("Generally a debtor who acts in reliance on the advice of his counsel lacks the intent required to deny him a discharge of his debts."); Nunez v. Pennisi, 241 Cal. App. 4th 861 (2015) (finding that a good faith reliance on the advice of counsel, after a full disclosure of the relevant facts, can negate a finding of intent and can be used as an affirmative defense.)

The issues regarding Asimos' state court counsel are extensively laid out in his own Motion for Summary Judgment, however the history and background is worth including in this opposition as Plaintiff completely overlooks this relevant defense.

Asimos' state court attorney, Jessica Barostti, consistently withheld information from Asimos and did not keep him apprised of pertinent and relevant developments in his underlying pre-petition state court case (Declaration of Dean Asimos, ¶ 26).  Specifically, Asimos informed Barsotti that he was a debtor in a bankruptcy filing shortly after his chapter 13 case was filed with this court (Declaration of Dean Asimos, ¶ 18).  However, what was ultimately to become a pattern with Barsotti's behavior and disclosure of information, she did not communicate or otherwise inform any other party of Asimos' bankruptcy filing until after Asimos disclosed that fact during his deposition in the state court matter.

Barsotti also failed to keep Asimos updated regarding other developments in his case. For example, Barsotti did not share or disclosure a July 30, 2015 letter from Plaintiff's counsel regarding disposition of the Astound settlement funds (Declaration of Dean Asimos, ¶ 29). Asimos' only understanding of the proceeding as a whole was that "it's all under appeal" and that he does not need to "worry about it." (Declaration of Joe Angelo; **Exhibit F:** Asimos Transcript Pg. 128).  Asimos was also completely unaware that the Plaintiff was pursuing a contempt proceeding against him regarding the release of the Astound settlement funds. (Declaration of Joe Angelo; **Exhibit G:** Asimos Transcript Pgs. 130-131).  This resulted in Asimos not being made aware of various hearings and Barsotti not timely filing documents or

providing critical information to the involved parties. (Declaration of Joe Angelo; **Exhibit H:** Asimos Transcript Pg. 137).

Similarly, Barsotti did not inform Asimos about various orders that were entered by the Superior Court of San Francisco related to various hearings and that required action by Asimos. ((Declaration of Joe Angelo; **Exhibit I:** Asimos Transcript Pg. 143). Barsotti continually provided assurance to Asimos that she was addressing the matter. Asimos was represented by Barsotti throughout the state court proceeding and the fee agreement between Asimos and Barostti was based on a contingency. Asimos was not paying Barostti for any of her work and maintains that the actions taken by Barsotti may have been done in an effort to secure some type of recovery so she would receive compensation for her legal fees (Declaration of Dean Asimos, ¶¶ 31-35).

Asimos was unaware that Barsotti had filed a motion for fees regarding the first appeal. Barsotti also did not inform Asimos that the Plaintiff separately filed a motion for attorneys' fees related to the first appeal. (Declaration of Joe Angelo; **Exhibit J:** Asimos Transcript Pg. 149). Barsotti also failed to inform Asimos of various critical hearing dates and required appearances. And it was only when Asimos informed Barostti that he would be contacting the State Bar of California did she eventually manage some meager responses to Asimos' inquiries (Declaration of Dean Asimos, ¶ 34). The latter was during the final stages of the various appeals that she filed in response to the Superior Court's finding after the bench trial. Throughout most of the state court lawsuit, Asimos was unaware of the actions that Barsotti was taking and simply was informed that it would be taken care of during the appeal and that the appellate court would fix the errors of the Superior Court judge that presided over the bench trial (Declaration of Dean Asimos, ¶¶ 30-35).

Asimos frequently informed Barsotti of all developments and updates in his bankruptcy case and never sought to withhold or not disclose any relevant information that would allow Barostti to make an informed decision on behalf of Asimos. However, Barostti likely displeased with the contingency fee arrangement, simply told Asimos that the appeal would fix the issues

with the judgment, while she was actually motivated to obtain secure a money judgment so she could be compensated for her work. (Declaration of Dean Asimos, ¶¶ 29-33).

The actions of Barsotti were also recognized and identified by the various courts involved in the state court proceeding. See Thompson v. Asimos, 6 Cal. App. 5th 970, 984-985 (December 15, 2016).

The above establishes that Asimos was simply following the advice and actions of his counsel. Should the Court find that the narrow exception to the "fair contemplation" standard apply to this instance, Asimos has provided enough information that would remove or absolve him of any liability of the actions that continued in the state court case as a result of the behavior and decisions made by his state court attorney.

### IV. CONCLUSION

Asimos respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment. The facts of the instant case do not support Plaintiff's various legal positions and, as a result, Plaintiff's Motion must be denied.

Dated: October 21, 2020				Gale, Angelo, Johnson, & Pruett, P.C.


						By: /s/ Joe Angelo
						Joe Angelo
						Attorney for Defendant Dean Asimos