# KYLE LAW
## CORPORATION

Stephan E. Kyle
E-mail: skyle@kylelawcorp.com
Direct Dial: 415 839-8110

Telephone: 415 839-8100
Facsimile: 415 839-8189
www.kylelawcorp.com

A PROFESSIONAL LAW CORPORATION

230 California Street, Suite 600
San Francisco, California 94111

July 30, 2015

**VIA EMAIL AND U.S. MAIL**

Jessica R. Barsotti, Esq.
LAW OFFICE OF JESSICA R. BARSOTTI
5032 Woodminster Lane
Oakland, CA 94602

Re: Thompson v. Asimos –Authorization for Distribution of
Astound Settlement Funds
Our File: 80191-86

Dear Ms. Barsotti:

As you know, we represent Everett Thompson and Wired Real Estate Group in the various litigation between them and your client, Dean Asimos.

We are writing today in regard to the Astound settlement proceeds that are still being held in trust by the law firm of Carr McClellan. You are already aware that, in accordance with the Permanent Injunction ordered by the San Francisco Superior Court on August 23, 2013, Mr. Asimos was required "to cooperate immediately with the distribution of the entirety of the funds held in trust" and, accordingly, "to sign immediately any documents reasonably necessary to effectuate the distribution of the Astound settlement funds to plaintiff Jason Everett Thompson."

To date, Mr. Asimos has failed to abide by the terms of the Permanent Injunction. The prior authorization signed by your client was not honored by Carr McClellan because Mr. Asimos inserted additional language that prevented the law firm from executing on it. We have attempted on multiple occasions to convince Carr McClellan – based on the record in the trial court and bankruptcy court proceedings - to release the funds to Mr. Thompson, most recently in February of this year. Enclosed is the letter, dated February 24, 2015, from Carr McClellan in response to our most recent request. You will note that Carr McClellan clearly states that "[h]ad Mr. Asimos not added this additional language [to the Authorization], [they] could have transferred the funds once they were clear of the bankruptcy proceedings" (which they are).

Your client's failure to cooperate, as required by the Permanent Injunction, has deprived Mr. Thompson from receiving the funds that are rightfully his. That said, we are hereby providing your client one (1) final opportunity to comply with the Permanent Injunction. The enclosed Authorization must be signed immediately – and without edit or amendment – and returned with the original signature to our offices **no later than 5:00 p.m. on Thursday, August 13, 2015.** If the original signed Authorization is not received by that time, or if it is modified or amended in any way, we will proceed with the filing of a motion for contempt of court. Judge Douglass has already confirmed that he will entertain such a motion, but we have attempted to secure the release of the funds without such a proceeding and, by way of this letter, are making one (1) final attempt. If a contempt proceeding is required, we will seek all penalties and accrued interest available, in addition to attorney's fees, costs and expenses incurred.

We look forward to hearing from you.

Yours very truly,

STEPHAN E. KYLE

Enclosures (2)
SEK/of

cc: Joseph Angelo, Esq. (via U.S. Mail w/encl.)

C. Todd Norris, SBN 181337
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-Mail: todd.norris@bullivant.com

Attorneys for Plaintiffs/Cross-Defendants
JASON EVERETT THOMPSON and WIRED REAL
ESTATE GROUP, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JASON EVERETT THOMPSON and WIRED REAL ESTATE GROUP, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DEAN GREGORY ASIMOS, dba DRAKE REALTY,<br><br>Defendant.<br><br>AND RELATED CROSS-ACTION. | Case No.: CGC-11-514980<br><br>[PROPOSED] PERMANENT INJUNCTION<br><br>Trial Date: October 9, 2012 |

**Permanent Injunction In Favor of Plaintiff Jason Everett Thompson and Against Defendant Dean Gregory Asimos**

Following a court trial on the above-entitled actions and entry of the Court's Statement of Decision on May 30, 2013,

DEFENDANT DEAN GREGORY ASIMOS IS HEREBY PERMANENTLY ENJOINED AS FOLLOWS: Defendant Dean Gregory Asimos is permanently enjoined and prohibited from using in any way the service mark Wired Real Estate Group and similar marks such as WiredRE, and WREG; and defendant Dean Gregory Asimos is HEREBY ENJOINED AND ORDERED to cancel all of his registrations of the Wired Real Estate Group mark and similar marks;

Consistent with the Court's Statement of Decision, defendant Dean Gregory Asimos is HEREBY ENJOINED AND ORDERED to cooperate immediately with the distribution of the entirety of the funds held in trust by Mr. Gutierrez's law firm. This Court has concluded that Defendant Asimos does not now and never did have an interest in the Astound settlement funds due to his breaches of the parties' agreement. Defendant Asimos is therefore HEREBY ENJOINED AND ORDERED to sign immediately any documents reasonably necessary to effectuate the distribution of the Astound settlement funds to plaintiff Jason Everett Thompson.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: AUG 2 2 2013

*Wallace P. Douglass*
Hon. Wallace P. Douglass
Judge of the Superior Court

\*\*\*\*\*

[PROPOSED] PERMANENT INJUNCTION

# Authorization For Disbursement of Funds

Prior to the filing of the action *Thompson v. Asimos* (San Francisco Superior Court Action No. CGC-11-514980) (hereinafter "the San Francisco Action"), the parties were Plaintiffs in the action Dean Asimos dba Wired Real Estate Group v. Astound Broadband, LLC, et al., filed on October 23, 2009 in Contra Costa County Superior Court as Case No. C09-02957. Plaintiffs settled the action and the case was dismissed on June 6, 2011. The settlement funds, net of litigation costs and contingency fees release, totaling $101,722.24, were deposited into the Trust Account of Carr McClellan P.C., the attorneys for the plaintiffs ("Trust Account").

In October 2011, Thompson filed the San Francisco Action against Asimos. Following a court trial and entry of the Court's Statement of Decision on May 30, 2013, the Superior Court entered a judgment in favor of Thompson on August 23, 2013. The Superior Court determined that Asimos does not now, and never did, have an interest in the funds held in the Trust Account, and the Court entered a permanent injunction (the "Permanent Injunction") against Asimos, which, among other things, requires him to cooperate with the distribution of the funds held in the Trust Account.

The undersigned, Dean Asimos, subsequently applied to the above Court, ex parte, for an order staying execution of the judgment and permanent injunction, which application was denied.

Based on the foregoing and in order to comply with the Permanent Injunction entered on August 23, 2013, Defendant Dean Gregory Asimos does hereby authorize that the funds being held in trust by Carr McClellan P.C. shall be forthwith released to Plaintiff Jason Everett Thompson.

July ___, 2015

_____
Dean G. Asimos