Joe Angelo (Bar # 268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorney for Defendant
Dean Asimos

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA DIVISION

| | |
|---|---|
| In Re:<br><br>**DEAN GREGORY ASIMOS**<br><br>Debtor<br><br>---<br><br>Jason Everett Thompson<br><br>Plaintiff<br><br>v.<br><br>Dean Gregory Asimos<br><br>Defendant. | Case No.: 11-13214<br><br>A.P. Case No.: 14-01018-CN<br><br>Chapter 7<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     November 4, 2020<br>Time:    11:00 am<br>Location: Tele/videoconference<br>                Tele/videoconference<br><br>Judge:   Hon. Charles Novack |

    Debtor and Defendant Dean Asimos (hereinafter "Defendant" or "Asimos"), by and through his attorney Joe Angelo of Gale, Angelo, Johnson, & Pruett, P.C., hereby files this reply to Plaintiff Jason Everett Thompson's Opposition to Plaintiff's Motion for Summary Judgment. In support of his reply, Defendant states as follows:

//

//

1

## I. INTRODUCTION

Plaintiff's Opposition does little, if anything, to allow this court to make a finding that it should disregard the "fair contemplation" approach that is the law in the Ninth Circuit and focus on the narrow exclusion to find that Defendant "returned to the fray." As explained at length in Defendant's motion, the "fair contemplation" test allows for the discharge of post-filing fees/costs associated with pre-filing litigation. Plaintiff's Opposition also fails to raise any issues with respect to why Defendant's Motion for Summary Judgment should not be granted, as Defendant's Motion lays out the basis and rational for why Plaintiff failed to meet his burden under 11 U.S.C. § 523(a)(6). Lastly, Defendant's defense regarding advice/reliance upon his state court counsel was entirely reasonable, and the cases cited in his Motion for Summary Judgment allow the Court to not only accept that defense, but also make the finding that Asimos' counsel acted without his knowledge and/or direction in the handling of the state court litigation.

The Opposition filed in response to Defendant's Motion for Summary Judgment does not create any factual discrepancies that would prevent the Court from ruling in favor of Defendant and granting Motion. While Plaintiff may be upset that he forged ahead with the underlying state court litigation when seeking to lift the automatic stay, that was the risk he took in pursuit of his lawsuit. Again, the complained of activity all related to the initial state court complaint, which can be, and should be, subject to Asimos' chapter 7 discharge.

## II. REPLY

**A. The Facts Do Not Support A Finding Of Willful And Malicious Injury By Asimos**

Plaintiff is apparently attempting to relitigate every detail of the events that occurred during the pendency of the statue court litigation instead of actually addressing the fact that it cannot be proven that Asimos "wilfully, intentionally and maliciously" injured Plaintiff. In Plaintiff's First Amended Complaint nearly ever allegation under his section 523(a)(6) cause of action is a conclusory statement that cannot be supported by the facts of this proceeding. At the outset, Asimos was unaware of the terms and conditions of the retainer agreement between Plaintiff and his counsel (and former counsel). Plaintiff never disclosed the nature of the fee arrangement with Asimos. There is no specific action or ongoing event that would support

Plaintiff's argument that Asimos "intended" any of the results of the state court litigation. Plaintiff fails to show that there is any factual issue that would require a further factual record to be developed, and as a result, Asimos should prevail on his request for this Court to dispose of the section 523(a)(6) claim in his favor. While the relationship between the parties was contentious during the state court litigation, actions taken in defense of a lawsuit does not equate to a 523(a)(6) violation.

Asimos readily disclosed the existence of his bankruptcy proceeding when asked by Plaintiff's counsel. Asimos fully informed his state court counsel of the bankruptcy proceeding. And Asimos was not privy to the nature of the legal relationship between Plaintiff and his various counsel. The Supreme Court in Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57 (1998), made clear that for section 523(a)(6) to apply, the actor must intend the consequences of the act, not simply the act itself. Id., at 60. At best Asimos may have been negligent in the efforts surrounding the disclosure of his bankruptcy filing, but as Geiger recognized, negligence falls well short of the required intent and behavior in order to exclude a debt under section 523(a)(6).

**B. "Fair Contemplation" Covers Post-Petition Actions**

Plaintiff's First Amended Complaint clearly states that Plaintiff is seeking to recover the Contract Attorney Fee Award (FAC ¶¶ 46, 47, 49; Prayer ¶ 2). Any new theory that the fee award is also unrelated breach of contract dispute pursued in the state court litigation is misplaced. The Ninth Circuit is clear that any claim for fees based on a contract dispute can, and should, be discharged in bankruptcy. This is true even if those fees are incurred post-petition and post-discharge, so long as it relates back to the initial cause of action. Camelback Constr. v. Castellino Villas, A.K.F., LLC, 836 F.3d 1028, 1034 (9th Cir. 2016).

Asimos did not engage in a "new course of litigation" or seek to disturb a settlement agreement by participating as a Defendant in the underlying state court action. Baroni v. Wells Fargo Bank, N.A., 558 B.R. 916 (C.D. Cal September 30, 2016) recognized the broad scope of the "fair contemplation" doctrine and stated that unless the debtor in a bankruptcy embarks on some type of new litigation that is unrelated to the initial action that give rise to the fee claim, it is not appropriate to exclude any of those fees/costs/judgments from the debtor's discharge. Id.,

at 929. Unlike the debtors in Ybarra and Siegel, Asimos did not seek to set aside a settlement agreement or undertake any new type of litigation. As such, the conduct of Asimos, as the defendant in the underlying state court action, falls well within the boundaries of the "fair contemplation" doctrine. As a result, the Court should grant Asimos' Motion for Summary Judgment and enter judgment in his favor.

**C. Reliance / Advice Of Counsel Is An Appropriate Defense**

Should the Court need to consider Asimos' advice/reliance of counsel defense, Asimos' Motion stated the basis for invoking such a defense and outlined the actions taken by his state court counsel. The defense of advice and/or reliance upon counsel has been recognized in various circuit courts and the California state courts. The purpose of the defense is to negate any intentional element of an allegation or cause of action made against the individual asserting the defense.

Courts have generally recognized that a party's reliance on the advice of his or her counsel can negate an otherwise intentional aspect of an act or position taken by the represented party. See generally, Robinson v. Worley, 848 F.3d 577, 586 (4th Cir. 2017) (finding that reliance on the advice of counsel is an affirmative defense that absolves a debtor of fraudulent intent if the reliance on the advice was reasonable.); Retz v. Samson, 606 F.3d. 1189 (9th Cir. 2010); In re Abdeeb, 787 F.2d 1339, 1343 (9th Cir. 1986) ("Generally a debtor who acts in reliance on the advice of his counsel lacks the intent required to deny him a discharge of his debts."); Nunez v. Pennisi, 241 Cal. App. 4th 861 (2015) (finding that a good faith reliance on the advice of counsel, after a full disclosure of the relevant facts, can negate a finding of intent and can be used as an affirmative defense.)

Asimos maintains that the inquiry into the advice of counsel / reliance upon counsel defense is not necessary as the Court can rule in his favor without having to apply the relevant standard to the instant case. However, should the Court need to make the determination that Asimos' defense is applicable, the statements and understanding put forth by Asimos in his Motion outline the issues he consistently experienced with his state court attorney. As the Courts found in Robinson v. Worley, 848 F.3d 577 (4th Cir. 2017); Retz v. Samson, 606 F.3d 1189

4

(9th Cir. 2010); In re Abdeeb, 787 F.2d 1339 (9th Cir. 1986); and Nunez v. Pennisi, 241 Cal. App. 4th 861 (2015), an individual cannot be held accountable for the actions of his or her counsel when that individual is unaware of the actions being taken or is not fully informed of the course of the litigation. Such is the case here with Asimos and the relationship with his state court counsel.

### III. CONCLUSION

Asimos respectfully requests that this Court grant his motion for summary judgment and find that Plaintiff cannot prove the elements of an 11 U.S.C. § 523(a)(6) claim and enter an order that denies the declaratory relief sought regarding the nondischargeability of Plaintiff's fees/costs. The facts cannot support a finding to the contrary.

Dated: October 28, 2020          Gale, Angelo, Johnson, & Pruett, P.C.

By: /s/ Joe Angelo
Joe Angelo
Attorney for Defendant Dean Asimos